[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2012
JOHN LEY
CLERK

No. 11-10719
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20186-JLK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT CLIVE TAYLOR,

Defendant-Appellant.


_____

No. 11-11048
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20186-JLK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYNVAL DWYER, a.k.a. Richie

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(February 7, 2012)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Lynval Dwyer appeals his convictions for conspiring to import 500 grams or more of cocaine into the United States, 21 U.S.C. § 963, conspiring to possess with intent to distribute 500 grams or more of cocaine, id. § 846, and attempting to possess with intent to distribute 500 grams or more of cocaine, id. § 846, and Robert Clive Taylor appeals his sentence of 63 months of imprisonment for the same conspiracy and attempt offenses and for possessing with intent to distribute five grams or more of cocaine base. Id. § 841(a)(1). Dwyer argues that he should

2

have been permitted to testify about allegedly coercive statements made by a drug supplier and a confidential informant and that he was entitled to a related jury instruction about duress. Taylor complains about being denied the opportunity to allocute before pronouncement of his sentence, despite receiving a sentence at the low end of the advisory guideline range. We affirm.

The district court correctly denied Dwyer's requests to admit hearsay statements made by the supplier and informant and to give a jury instruction on duress. "Under the law of this circuit, to establish a defense of duress[,] a defendant must show that he acted under an immediate threat of death or serious bodily injury, that he had a well-grounded fear that the threat would be carried out, and that he had no reasonable opportunity to escape or inform [the] police." United States v. Alzate, 47 F.3d 1103, 1104 (11th Cir. 1995) (internal quotation marks omitted). Dwyer contended that the informant and supplier coerced him to join the conspiracy to import, but Dwyer failed to "proffer evidence sufficient to prove the essential elements of the defense" of duress, United States v. Montgomery, 772 F.2d 733, 736 (11th Cir. 1985). Dwyer proffered that, in November 2008, the supplier admonished Dwyer after customs officials interrupted a drug smuggling operation that Dwyer had coordinated to aid the cash-strapped informant, and in March 2010, the supplier warned Dwyer that if he

failed to "settle up [his] bill" by importing cocaine, Dwyer "[knew] what [the supplier was] going to do." According to Dwyer's proffer, he faced no immediate harm and he had numerous opportunities to contact law enforcement before his arrest in April 2010. See United States v. Sixty Acres in Etowah Cnty., 930 F.2d 857, 860–61 (11th Cir. 1991). Dwyer was not entitled to testify about hearsay statements of the supplier or the informant or to have the jury instructed about the defense of duress.

The district court erred when it failed to permit Taylor to allocute, but the error did not substantially prejudice Taylor's rights. When it asked whether "[counsel] or [his] [client] [had] anything [they] wished to add" or whether there was "[a]nything else anyone wants to say," the district court failed to "clearly inform [Taylor] of his allocution rights" or eliminate "'doubt that [he] [had] been issued a personal invitation to speak prior to sentencing,'" United States v. Gerrow, 232 F.3d 831, 833 (11th Cir. 2000) (quoting Green v. United States, 365 U.S. 301, 305, 81 S. Ct. 653, 655 (1961)). Taylor failed to object and cannot establish that the error, although plain, prejudiced his substantial rights. See id. at 834. Taylor requested and received a sentence at the low end of the guideline range.

We **AFFIRM** Dwyer's convictions and Taylor's sentence.