**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

NATHAN R. PLATERO,

     Defendant-Appellant.

No. 13-2122
(D.C. No. 1:12-CR-00162-MV-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **EBEL** and **MATHESON**, Circuit Judges.

Nathan Platero appeals his sentence for abusive sexual contact with a child under

the age of 16 on the grounds that he was denied his right of allocution.  We affirm.

**I**

Nathan Platero sexually abused his young stepdaughter.  As a result, a grand jury

returned a one-count indictment charging Platero with aggravated sexual abuse of a child

under the age of 12, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).

Ultimately, Platero pleaded guilty to abusive sexual contact with a child under the age of

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

16, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2246(3).

The district court held a sentencing hearing on June 11, 2013. According to Platero, he was denied his right of allocution at this hearing.

At the outset of the hearing, the district court stated the following:

> I'm going to start with the lawyers, Mr. Platero. You have the right to speak and your attorney also has the right to speak on your behalf. But we're going to start with the matters contained in the brief and the objections filed by your attorney, and then I'm happy to hear from you, okay? Let's go ahead. [Defense counsel], let me start with you.

R. Vol. III at 6. Defense counsel proceeded to address an objection Platero had to an enhancement. And after the government replied, this exchange occurred:

> THE COURT: Mr. Platero, what do you have to say?
>
> THE DEFENDANT: I don't know how to address that. I don't know.
>
> THE COURT: All right. This is a most difficult case. . . .

Id. at 10. And the court went on, at length, to rule on the objections and to announce and justify a sentence of 120 months.

After the court finished speaking, this exchange occurred:

> THE COURT: . . . Anything further on behalf of Mr. Platero?
>
> [DEFENSE COUNSEL]: Judge, Mr. Platero does have his constitutional right to address the Court at sentencing.
>
> THE COURT: I gave him that right.
>
> [DEFENSE COUNSEL]: He thought that you were asking

2

> about what he thought about the five-level enhancement. He feels that he'd like to address the Court, make his own pitch for his sentencing.
>
> THE COURT:   No, I did give him the right to – I asked him if there was anything he wanted to say. Of course, he can say anything he would now, but I did give him that right to address the Court.
>
> [DEFENSE COUNSEL]:   Perhaps he misunderstood, or I did.
>
> THE DEFENDANT:   I misunderstood. . . .

Id. at 30-31. Platero was then provided the opportunity to address the court and speak on his own behalf. He spoke at length, and basically urged the court to understand that he was not the type of person that was portrayed in the presentence report. He also provided his views as regards an appropriate sentence, specifically objecting to the "five-point enhancement." Id. at 37. Then this exchange occurred:

> THE DEFENDANT:   . . . Thank you.
>
> THE COURT:   Okay. [Prosecutor], is there anything?
>
> [PROSECUTOR]:   Not from the United States. Thank you, Your Honor.
>
> THE COURT:   [Defense counsel]?
>
> [DEFENSE COUNSEL]:   Thank you, Judge. I have nothing to add to what Mr. Platero has already said.
>
> THE COURT:   All right. Mr. Platero, I have listened to what you've said. . . .

Id. at 38. The court then proceeded to reply to Platero's statement and to further justify a

sentence of 120 months in light of his statement.

## II

According to Platero, the district court violated his right of allocution. Rule 32 states that "[b]efore imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). "This rule codifies the common law right of allocution at sentencing." United States v. Jarvi, 537 F.3d 1256, 1261 (10th Cir. 2008) (citing Green v. United States, 365 U.S. 301, 304 (1961)). "As early as 1689, it was recognized that the court's failure to ask the defendant if he had anything to say before sentence was imposed required reversal." Green, 365 U.S. at 304. "[T]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." Id. at 305.

Our threshold issue is whether Platero preserved an objection to the district court's alleged failure to provide him his right of allocution. From the record before us, we conclude he did not. Even assuming *arguendo* that Platero's counsel raised an objection when he reminded the court of his client's right of allocution, "[i]f [he] believed the court . . . failed to properly resolve it, he needed to say so then to avoid plain-error review." United States v. Warren, 737 F.3d 1278, 1285 (10th Cir. 2013). Instead, after the district court gave Platero a second opportunity to speak, defense counsel said simply, "Thank you, Judge. I have nothing to add to what Mr. Platero has already said." R. Vol. III at 38. Defense counsel's statement cannot be read as informing the court that more needed to be

4

done as regards his client's right of allocution, or that he was in any way dissatisfied with the district court's handling of the matter.

As a result, we review only for plain error. See United States v. Rausch, 638 F.3d 1296, 1299 n.1 (10th Cir. 2011) ("[A] defendant who fails to object to the district court's procedures regarding the right of allocution must demonstrate plain error to warrant reversal on appeal."). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1299-1300 (alteration omitted) (internal quotation marks omitted). Although we presume prejudice for allocution errors, "establishing prejudice does not necessarily mean that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1301 n.2.

Here, there was no error, plain or otherwise. The district court told Platero the following:

> I'm going to start with the lawyers, Mr. Platero. You have the right to speak and your attorney also has the right to speak on your behalf. But we're going to start with the matters contained in the brief and the objections filed by your attorney, and then I'm happy to hear from you, okay?

R. Vol. III at 6. Then, after the hearing proceeded in exactly that fashion, the district court returned its attention to Platero and asked him: "Mr. Platero, what do you have to say?" Id. at 10. Platero basically said he did not know what to say and said nothing of substance. Rule 32 requires nothing more of the district court.

5

To be sure, we have no quarrel with Platero's contention that he *was* confused and really did not understand at the time what the court was asking him to address. With the benefit of hindsight, his is a plausible interpretation of the record. But Platero cites to no authority to support the position that if a defendant is subjectively confused by an objectively clear invitation to allocute, then vacatur is required, and we are aware of no such authority. Indeed, the cases on which Platero relies are concerned only with the objective clarity of a trial judge's invitation to speak. See, e.g., United States v. Echegollén-Barrueta, 195 F.3d 786, 789-90 (5th Cir. 1999) (holding that "the trial judge did not communicate unequivocally to Echegollén his right to allocution").

Furthermore, the cases to which Platero points us are distinguishable. For example, in United States v. Landeros-Lopez, the district court invited the defendant to speak only after sentence had been definitively announced. 615 F.3d 1260, 1262 (10th Cir. 2010). As a result, we held that "[b]y definitively announcing Landeros' sentence before providing him with an opportunity to speak on his own behalf, the district court prematurely adjudged his sentence." Id. at 1268. Here, by contrast, Platero was invited to speak before sentence was announced.

Echegollén-Barrueta is more similar to Platero's case, but it, too, is distinguishable. There, the district court held an evidentiary hearing on the issue of whether the defendant had bribed a jail guard in an effort to escape, which was relevant to an enhancement. Id. at 788. Afterward, the court concluded that the bribery had occurred, and then this exchange occurred:

6

> [P]ersonally addressing Echegollén, the district court asked, "Do you have anything to say to me before I decide what to do in your case?" Echegollén, who had not testified at the hearing on the obstruction issue, responded by arguing that he had not attempted to escape. The district court replied, "You see, I have not found that to be a fact, sir. I have no evidence to that effect, you understand. Do you have anything else to say to me?" Echegollén spoke once again about his role in the alleged escape. The court then advised Echegollén that his "problem" was not the alleged escape, but "that to which you admitted and pled guilty earlier." The court went on to discuss the forfeiture, then to impose sentence.

Id. at 789. Even though the district court's invitations to allocute likely "compli[ed] with Rule 32's requirements," the Fifth Circuit held that the district court should have realized that defendant "may have misunderstood the question, believing that he was being asked to address a factual issue before the court instead of being given an opportunity for allocution." Id.

In Platero's case, however, there was no such back-and-forth from which the district court could have concluded that Platero was confused. The court gave an objectively clear invitation for Platero to allocute, and we cannot say that Platero's response was an objectively clear indication of confusion.

And further, once the district court sentenced Platero, his counsel spoke up and said his client had a right of allocution. The court indicated it thought it had given Platero that opportunity, but even then the court provided Platero a second opportunity to speak—an opportunity of which Platero availed himself by speaking at length. The court's response to Platero's remarks made it clear it had carefully listened to his

7

statement and took his statement into consideration in its final ruling. The court stated, in response to several points raised by Platero during his allocution, that the sentence of 120 months was further supported by the comments Platero had made, and the court concluded by stating that a sentence of 120 months was justified.

Therefore, we conclude that Platero was given his right of allocution, and AFFIRM.

Entered for the Court


Mary Beck Briscoe
Chief Judge