FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS JAMES ZAJAC,

    Defendant - Appellant.

No. 20-4123
(D.C. No. 2:06-CR-81-CW-JCB-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH, SEYMOUR,** and **EBEL,** Circuit Judges.

In September of 2010, Thomas Zajac was convicted on a multicount indictment

for bombing the Salt Lake City library. Initially, he was sentenced to 420 months

imprisonment, including a 360-month sentence for using or carrying a destructive device

in violation of 18 U.S.C. § 924(c)(1)(B)(ii). That part of the conviction was vacated by

the district court after the Supreme Court determined that § 924(c) was unconstitutionally

vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Thereafter, on November 6, 2020, the district court resentenced Mr. Zajac to 258 months imprisonment with credit for time served on the remaining counts. In arriving at this new sentence, the district court relied on its mistaken belief that 18 U.S.C. § 844(i) required the sentence on Count 1 to run consecutively to the sentences on the remaining counts. Rec., vol. II at 83, 88, 98. As this mistake of law constitutes plain error, we reverse and remand for resentencing.

## Background

In September 2006, Thomas Zajac placed and detonated a homemade bomb in the Salt Lake City Library. The bomb resulted in property damage but no personal injury. Approximately a month later, the Salt Lake City Police Department received a threatening letter which included unreleased details about the bombing and additional threats about a future bomb that would be larger and designed to kill. Federal agents soon linked the bomb and the threatening letter to Mr. Zajac, who held an apparent grudge against the Salt Lake police for a 2004 DUI that his son received.

Mr. Zajac was indicted, convicted, and ultimately sentenced on the following six counts: Count 1, attempting to damage and destroy a building using an explosive device in violation of 18 U.S.C. § 844(i); Count 2, using or carrying a destructive device in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(B)(ii); Count 3, possessing an unregistered destructive device in violation of 26 U.S.C. § 5861(d); Count 4, being a felon in possession of a destructive device in violation of 18 U.S.C. § 922(g)(1); Count 5, possessing a destructive device following a domestic violence

conviction in violation of 18 U.S.C. § 922(g)(9); and Count 6, willfully using the mail to threaten the use of explosives in violation of 18 U.S.C. § 844(e).

After Count 2 was vacated by the district court in a § 2255 proceeding, Mr. Zajac was resentenced. In this appeal he asserts that during the resentencing the district court plainly erred because of its mistaken belief that that a sentence under 18 U.S.C. § 844(i) must run consecutively to the remaining counts. [1]

## Standard of Review

Neither Mr. Zajac nor the government objected to the district court's erroneous assertion that it was required to run the § 844(i) sentence consecutively to all other counts. Consequently, we review for plain error. Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Finnesy*, 953 F.3d 675, 691 (10th Cir. 2020) (quotations and citations omitted).

## Discussion

As we have noted, during the November 6, 2020 sentencing hearing the district court repeatedly expressed the mistaken belief that it was required to run the § 844(i) sentence consecutively to the other counts. The plain language of § 844(i) has no such requirement: "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building…shall be imprisoned for not less

---

[1] Mr. Zajac also asserts allocution errors in this appeal but it is not necessary to reach the merits of those claims because any such alleged errors can be corrected on remand.

than 5 years and not more than 20 years, fined under this title, or both . . . ." 18 U.S.C. § 844(i). The district court's error was therefore plain, satisfying the first and second prong of the plain error standard. A sentence imposed under a plainly erroneous belief that a statute commands a sentence to run consecutively to sentences on other counts also satisfies the third and fourth prongs of the plain error standard because the integrity of the judicial process is challenged where the court fails to correct such an obvious error. *See United States v. Sabillon-Umana*, 772 F.3d 1328, 1333 (10th Cir. 2014); *see also Molina-Martinez v. United States*, 578 U.S. 189, 203, 204 (2016) (citing *Sabillon-Umana*, 772 F.3d at 1333, 1334); *United States v. Silva*, 981 F.3d 794, 802-03 (2020) (citing *Sabillon-Umana*, 772 F.3d at 1333-34).

In remanding for resentencing, we pass no judgment on the propriety of the overall sentence. We merely remand this matter to the district court for resentencing with the knowledge that there is no statutory requirement that the sentence on Count 1 run consecutively to the sentences on the remaining counts.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

4

United States v. Zajac, No. 20-4123,
**EBEL**, J., concurring.

I concur fully in the majority order and judgment in this case. I agree with the panel that Zajac's sentence must be reversed and this case remanded for resentencing because the district court mistakenly believed that Zajac's sentence on Count 1 had to run consecutively to his sentences on the remaining counts. I write separately because I believe the district court also denied Zajac an adequate opportunity for allocution. Addressing that error briefly here may aid the district court in avoiding further error on remand.

Rule 32(i)(4)(A)(ii), Fed. R. Crim. P., requires the district court, before imposing sentence, to "address the defendant personally in order to permit the defendant to speak or present information to mitigate the sentence." "Trial judges . . . should . . . unambiguously address themselves to the defendant" and "should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." Green v. United States, 365 U.S. 301, 305 (1961) (plurality). "[T]he right of allocution is denied when a district court attempts to unduly limit the scope of a defendant's allocution statement." United States v. Bustamante-Conchas, 850 F.3d 1130, 1136 (10th Cir. 2017) (reh'g en banc) (citing cases). That is essentially what occurred here, not by design but because of how the sentencing proceeding unfolded.

Briefly stated, after Zajac's conviction on Count 2 was vacated, the district court conducted the sentencing proceeding at issue here in order to resentence Zajac on his remaining five convictions. The court, after indicating it was "inclined to apply the

sentencing packaging" doctrine to resentence Zajac (II R. 83), heard from the attorneys on each side as to their sentencing recommendation. The court then stated: "I want to hear from Mr. Zajac, but I believe before I allow him to talk to the Court and before I make a judgment, I should alert you and give you an opportunity to respond as to how I'm thinking about this at the present time." (Id. at 86–87.) Then the court addressed, for the first time and in some detail, how it intended to apply the sentencing packaging doctrine to divide Zajac's remaining convictions into three groups and then impose a sentence for each group, resulting in a total sentence above the advisory sentencing guideline range. The court then asked each attorney if he had any further argument. The prosecutor spoke briefly, accepting the court's position; defense counsel made a longer argument. The court then addressed Zajac personally and asked: "Mr. Zajac, do you wish to make any further statement to the Court?" (Id. at 90.)

Zajac apparently believed that the court wanted him to address just the court's structural plan to break the sentencing into the three groups. Zajac indicated it was his understanding from the PSR and from discussions with defense counsel that the advisory guideline range was between 62 and 78 months.

> I thought that that is what we were working within given that that is the [PSR] report. And I'm not sure what you're describing when you break it into three groups because I am simply not clear what the nomenclature is but that is about as much as I know to say about it.

(Id.) The district court then clarified how the court intended to calculate Zajac's new sentence. The court then concluded its explanation by stating:

2

So with that additional clarification you need to understand, Mr. Zajac, that the Court is going to impose a sentence that is above the guideline sentence.

THE DEFENDANT: Okay.

THE COURT: Anything further from anyone before I proceed and make a judgment as to what the appropriate sentence in this case should be?

[PROSECUTOR]: Nothing from the United States, Your Honor.

[DEFENSE COUNSEL]: Nothing, Your Honor.

(Id. at 91–92.)  The sentencing court then imposed sentence.

The court's use of the phrase "any further statement," coming on the heels of the attorneys' statements addressing the district court's proposed method for determining his sentence, would have signaled to an objectively reasonable person in Zajac's position that the district court wanted him, at that time, just to address the court's proposed sentencing method.  See United States v. Platero, 564 F. App'x 927, 930 (10th Cir. 2014) (unpublished) (rejecting defendant's argument that the district court denied him an adequate opportunity for allocution because the sentencing court issued the defendant an "objectively clear invitation . . . to allocute").

Under these circumstances, the court never addressed Zajac personally to give him a clear and unambiguous opportunity for allocution on any subject other than the court's proposed sentencing procedure to provide separate sentences for each of three groups of convictions.  The court's invitation to Zajac cannot reasonably be understood to have been a broad-gauged invitation to Zajac to allocute generally on any matter other than the court's specified tripartite procedure.  After the court had received everybody's

3

statements and was prepared to issue the sentence, the court asked generally of everybody collectively "[a]nything further from anyone." (II R. 92.) Because that inquiry was not directed specifically to Zajac, it also was insufficient. See Bustamante-Conchas, 850 F.3d at 1135, 1137 (holding that sentencing court's general inquiry, asking "if there was any reason that [the already announced] sentence should not be imposed," did not satisfy Rule 32(i)(4)(A)(ii)'s requirement that the district court address the defendant personally); see also United States v. Taylor, 457 F. App'x 835, 837 (11th Cir. 2012) (unpublished) (holding district court denied defendant his right to allocution when the court asked "'whether counsel or his client had anything they wished to add' or whether there was 'anything else anyone wants to say'" (alterations omitted)). The sentencing court failed to "leave no room for doubt" that it had issued Zajac "a personal invitation to speak [in allocution] prior to sentencing," Green, 365 U.S. at 305.[1] This violated Rule 32(i)(4)(A)(ii). The district court will have an opportunity to correct that error on resentencing.

---

[1] Although in a Rule 32(i)(4)(A)(ii) challenge, we evaluate what the court said rather than how the defendant interpreted the court's invitation for allocution, when the allocution invitation on its face is ambiguous or inadequate, we can look to the defendant's response but only as evidence of the intrinsic ambiguity of the allocution offer itself. That is, the test is ultimately not whether the defendant misunderstood the offer but rather whether the offer itself was clear and unambiguous and directed specifically to the defendant. See Platero, 564 F. App'x at 930.