**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

WAYNE C. BENTON,

     Defendant - Appellant.

No. 16-3332

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 2:15-CR-20075-CM-1)**
_____

Kirk Redmond, Assistant Federal Public Defender (Melody Brannon, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender for the District of Kansas, Topeka, Kansas, appearing for Appellant.

James A. Brown, Assistant United States Attorney (Thomas E. Beall, United States Attorney, with him on the brief), Office of the United States Attorney for the District of Kansas, Topeka, Kansas, appearing for Appellee.
_____

Before **BRISCOE**, **EBEL**, and **MATHESON**, Circuit Judges.
_____

**BRISCOE**, Circuit Judge.
_____

     This is a direct criminal appeal in which Defendant-Appellant Wayne C. Benton challenges his sentence. Benton pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The

Presentence Investigation Report (PSR) concluded that Benton's prior conviction for aggravated assault with a deadly weapon, in violation of Kan. Stat. Ann. § 21-3410(a) (2006), was a crime of violence as defined in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a). Benton objected to this classification, which, if applied, would result in a six-level enhancement. The district court overruled his objection and sentenced him under U.S.S.G. § 2K2.1(a)(4), which incorporates § 4B1.2(a). Benton now appeals. Exercising jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

**I**

On December 15, 2015, Benton pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The PSR concluded that Benton's 2006 Kansas conviction for aggravated assault with a deadly weapon was a crime of violence under § 4B1.2(a)(1) and that, as a consequence, Benton had a prior offense which satisfied § 2K2.1(a)(4). Based on this and the other findings in the PSR, Benton's total offense level was 23 and his criminal history category was VI, corresponding to a Guidelines range of 92 to 115 months.

In rejecting Benton's objections to the PSR's classification of his Kansas conviction for aggravated assault with a deadly weapon as a crime of violence, the district court held that his Kansas conviction "necessarily require[d]" physical force, and was therefore a crime of violence as defined by § 4B1.2(a)(1). Vol. II at 24. The district court sentenced Benton to 115 months in prison and three years of supervised

2

release. Benton argues his aggravated assault with a deadly weapon conviction does not qualify as a crime of violence under § 4B1.2(a)(1), and that he should have had a base offense of 14 and a corresponding Guidelines range of 51 to 63 months.

## II

Whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines is a question of statutory interpretation that we review de novo. United States v. Maldonado-Palma, 839 F.3d 1244, 1246 (10th Cir. 2016). "In interpreting a guideline, we look at the language in the guideline itself, as well as the interpretative and explanatory commentary to the guideline provided by the Sentencing Commission." Id. (quoting United States v. Reyes-Alfonso, 653 F.3d 1137, 1141 (10th Cir. 2011)).

U.S.S.G. § 2K2.1(a) sets the base offense level for unlawful possession of firearms at 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." § 2K2.1(a)(4)(A). Application Note 1 of the Commentary to § 2K2.1 states that: "'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."

Turning to that guideline provision, U.S.S.G. § 4B1.2(a)(1) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." Benton contends his

3

Kansas conviction for aggravated assault with a deadly weapon does not satisfy the elements clause.

At the time of Benton's conviction, the Kansas aggravated assault statute provided that:

> Aggravated assault is an assault, as defined in K.S.A. 21-3408 and amendments thereto, committed:
> (a) With a deadly weapon;
> (b) while disguised in any manner designed to conceal identity; or
> (c) with intent to commit any felony.

Kan. Stat. Ann. § 21-3410 (2006). The assault statute referenced in § 21-3410 defined assault as "intentionally placing another person in reasonable apprehension of immediate bodily harm." Kan. Stat. Ann. § 21-3408 (2006).

Benton and the government agree that § 21-3410 is divisible, and that—using the modified categorical approach—Benton was convicted under § 21-3410(a) for aggravated assault with a deadly weapon. Aplt. Br. at 12; Aple. Br. at 12. Thus, Benton was convicted of (1) intentionally (2) placing another person in reasonable apprehension of immediate bodily harm (3) with a deadly weapon.

Benton advances two arguments in support of his contention that his conviction for aggravated assault with a deadly weapon under Kan. Stat. Ann. § 21-3410(a) was not a crime of violence. First, he argues that threatening bodily harm under § 21-3410 is not the same as threatening the use of force under the Sentencing Guidelines. Second, he argues that even if § 21-3410 requires force, the force it

4

requires does not rise to the level of violent physical force necessary for a crime of violence under the Sentencing Guidelines. We are not persuaded by either argument.

Benton's first argument—that threatening bodily harm is not the same as threatening physical force—is foreclosed by the Supreme Court's decisions in Curtis Johnson v. United States, 559 U.S. 133, 140 (2010) and United States v. Castleman, 572 U.S. ___, 134 S. Ct. 1405 (2014), and this court's recent decision in United States v. Ontiveros, ___ F.3d ___, No. 16-1362, 2017 WL 5147257, at *4 (10th Cir. Nov. 7, 2017). In Castleman, the Court held that "[i]t is impossible to cause bodily injury[1] without applying force in the common-law sense," and that "'physical force' is simply 'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force.'" Castleman, 134 S. Ct. at 1414–15 (quoting Curtis Johnson, 559 U.S. at 138). Specifically, the Court said physical force can be applied indirectly, for instance, by administering poison, by infecting with a disease, or by laser beam. Id. And as this court recently held, "Castleman's logic applies to 'physical force' in the context of violent felonies." Ontiveros, 2017 WL 5147257, at *4. In so holding, we rejected the logic and rationale of United States v. Perez-Vargas, 414 F.3d 1282 (10th Cir. 2005) and United States v. Rodriguez-Enriquez,

---

[1] Black's Law Dictionary defines "injury" as "any harm or damage," but notes "[s]ome authorities distinguish harm from injury." *Injury*, Black's Law Dictionary (10th ed. 2014). Kansas does not make such a distinction, though. In examining a separate Kansas statute, the Kansas Supreme Court concluded that "bodily injury" and "bodily harm" "appear to be synonymous" and declined to "attach any significance to the use of 'injury' rather than 'harm.'" Paida v. Leach, 917 P.2d 1342, 1348 (Kan. 1996). As we are bound by a state's interpretation of its own law, Curtis Johnson, 559 U.S. at 141, we will not make any distinction between injury and harm here.

518 F.3d 1191 (10th Cir. 2008), noting that these cases "relied on reasoning that is no longer viable in light of Castleman." Ontiveros, 2017 WL 5147257, at *3. There is therefore no basis for a distinction between threatening bodily harm and threatening physical force.

Second, Benton's argument that Kansas's aggravated assault with a deadly weapon statute does not require the use of violent physical force is inconsistent with Kansas's definition of a deadly weapon. To come within the definition of a crime of violence under U.S.S.G. § 4B1.2, a crime must involve violent physical force, which means "force capable of causing physical pain or injury to another person." Curtis Johnson, 559 U.S. at 140 (interpreting identical language in 18 U.S.C. § 924(e)(2)(B)'s definition of "violent felony").

Benton argues that aggravated assault with a deadly weapon cannot be a crime of violence because, in some cases, a perpetrator may commit the crime with a harmless object. Yet, under Kansas law, the actual ability to effectuate harm is irrelevant because assault "requires only an apparent ability, not a present ability, to do bodily harm." State v. Deutscher, 589 P.2d 620, 624–25 (Kan. 1979). So the term deadly weapon, as used in § 21-3410(a), is not "limited to those weapons having a present ability to do bodily harm." Id. at 625. Instead, a weapon that is used "in such a manner as to communicate to the person threatened an apparent ability to . . . do bodily harm is a deadly weapon within the meaning expressed by the legislature in the assault statutes, K.S.A. 21-3408, 21-3410, and 21-3411." Id.

6

Since a deadly weapon is "an instrument which, from the manner in which it is used, is calculated or likely to produce death or serious bodily injury," State v. Bowers, 721 P.2d 268, 272 (Kan. 1986)[2] (quoting State v. Hanks, 694 P.2d 407, 417 (Kan. 1985)), if a victim had a reasonable apprehension that the perpetrator threatened to harm him with such an object, then the perpetrator committed aggravated assault with a deadly weapon. Because a threat of "death or serious bodily injury," id., is at least "force capable of causing physical pain or injury to another person," Curtis Johnson, 559 U.S. at 140, the force required to convict under § 21-3410(a) is violent physical force.

This is not the first time we have been asked to decide whether a state's assault with a deadly weapon statute satisfies § 4B1.2(a)(1). The analysis set forth above is consistent with our opinion in United States v. Taylor, 843 F.3d 1215 (10th Cir. 2016), in which we addressed Oklahoma's assault and battery with a dangerous weapon statute. In Taylor, we held that "regardless of the type of 'dangerous weapon' that is employed by a particular defendant, the use of a 'dangerous weapon' during an assault or battery always 'constitutes a sufficient threat of force to satisfy the elements clause' of § 4B1.2(a)(1)." Id. at 1224–25 (quoting United States v. Mitchell, 653 F. App'x 639, 645 (10th Cir. 2016)).

The same reasoning applies here. Therefore, if a person violated § 21-3410(a) by committing aggravated assault with a deadly weapon, he necessarily threatened

---

[2] Bowers dealt with the Kansas aggravated battery statute. The analysis does not appear to differ when Kansas courts examine aggravated assault with a deadly weapon. See State v. Graham, 6 P.3d 928, 931–32 (Kan. Ct. App. 2000).

violent physical force.  As that is the crime Benton committed, his 2006 aggravated assault with a deadly weapon conviction qualifies as a predicate offense under § 4B1.2(a)(1).

## III

We AFFIRM the district court.