# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10428
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER LOUIS MORTON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-482-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Christopher Louis Morton appeals the sentence (including 57 months' imprisonment) imposed following his guilty-plea conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2). He claims the district court erred by assigning a base offense level of 20 under Guideline § 2K2.1(a)(4)(A), pursuant to his committing his offense subsequent to sustaining a felony conviction for a crime of violence. Morton contends that

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

prior two-year sentence for attempting to take a weapon from a police officer did not support application of that offense level because it was treated, with a prior related four-year sentence for being a felon in possession of a firearm, as a "single sentence" and received no criminal-history points under Guideline § 4A1.1(a)–(c).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

But, as Morton concedes, he did not raise his challenge to his sentence in district court; therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Guideline § 2K2.1 establishes a base-offense level of 20 if defendant committed his offense after sustaining a felony conviction for a crime of violence. U.S.S.G. § 2K2.1(a)(4)(A). Along that line, that offense level may be

based on "only those felony convictions that receive[d] criminal history points under [Guideline] § 4A1.1(a), (b), or (c)."  U.S.S.G. § 2K2.1, cmt. n.10.

Some convictions do not receive criminal history points under § 4A1.1(a)–(c) because they are counted as a "single sentence" with another offense.  U.S.S.G. § 4A1.2(a)(2).  If convictions are grouped under the "single sentence" rule, criminal-history points are assessed under Guideline § 4A1.2(a)–(c) only for the longest sentence of imprisonment.  U.S.S.G. § 4A1.2(a)(2).  But, a grouped prior sentence that did not receive criminal-history points under Guideline § 4A1.1(a)–(c) "may serve as a predicate under . . . guidelines with predicate offenses, if it independently would have received criminal history points."  U.S.S.G. § 4A1.2, cmt. n.3(A).

Although Morton contends application note 3(A) to Guideline § 4A1.2(a)(2) is inapplicable to Guideline § 2K2.1, the Sentencing Commission's explanation for Amendment 795, which added application note 3(A) to Guideline § 4A1.2, contradicts his assertion.  U.S. Sentencing Guidelines Manual, supp. to app. C, Amend. 795, at 117–19 (2016).  In any event, Morton has cited no binding precedent from this court addressing the issue.  In short, he has not shown the requisite clear or obvious error.  *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

AFFIRMED.