RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0316p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 19-3884

PIERRE C. ALSTON,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:18-cr-00751-1—Sara E. Lioi, District Judge.

Decided and Filed:  September 28, 2020

Before:  BATCHELDER, MOORE, and ROGERS, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:**  Clare E. Freeman, SCOTT GRAHAM PLLC, Portage, Michigan, for Appellant. Rebecca C. Lutzko, Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

### OPINION

_____

KAREN NELSON MOORE, Circuit Judge.  Pierre Alston received a sentencing enhancement under U.S.S.G. § 4B1.1 for his prior convictions under Ohio Revised Code § 2925.03(A)(1), which criminalizes offers to sell drugs.  Since *United States v. Havis*, 927 F.3d 382 (en banc), *rehearing denied*, 929 F.3d 317 (6th Cir. 2019), we have held that attempt crimes such as offers to sell do not qualify for the § 4B1.1 career-offender enhancement, *United States*

*v. Cavazos*, 950 F.3d 329 (6th Cir. 2020).  While conceding that *Cavazos* forecloses the enhancement here, the Government argues that our *Havis* jurisprudence—*Cavazos* in particular—is wrong.  We accept the Government's concession, and we consider its arguments preserved for a potential petition for *en banc* rehearing.[1]

Alston was indicted for six counts of controlled-substance offenses.  R. 12 (Superseding Indictment) (Page ID #35).  On April 18, 2019, Alston pleaded guilty to the first five counts.  R. 44 (Plea Hr'g Tr. at 4) (Page ID #287).  At sentencing, the district court calculated Alston's base offense level to be 16.  R. 32 (Sent'g Hr'g Tr. at 8) (Page ID #195).  With the § 4B1.1 career-offender enhancement, which Alston did not challenge, Alston's offense level became 34.  *Id.* Alston received a two-level reduction for acceptance of responsibility and then an additional one-level reduction for acceptance of responsibility upon a motion from the Government, so that Alston's total offense level was 31.  *Id.*  His criminal history was Category VI.  *Id.* at 9 (Page ID #196).  Altogether, Alston's initial Guidelines range was 188 to 235 months.  *Id.*  However, the parties jointly requested a two-level variance that would reduce his range to 151 to 188 months, and the district court agreed.  *Id.* at 9, 26 (Page ID #196, 213).  The district court ultimately sentenced Alston to 169 months' imprisonment.  *Id.* at 27 (Page ID #214); R. 27 (Judgment at 2) (Page ID #173).  Alston timely appealed.

Under-plain error review, Alston's prior drug offenses do not qualify as predicate offenses for the § 4B1.1 career-offender enhancement, a point which the Government concedes.[2] To qualify for the § 4B1.1 career-offender enhancement, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a).  "Controlled substance offense" is defined in § 4B1.2 as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance)

---

[1]Neither Alston nor the Government makes any argument regarding application of the categorical or modified categorical approaches.

[2]Alston was sentenced after our decision in *Havis*, but no mention was made of *Havis* at sentencing. *Cavazos* was decided after Alston was sentenced and while this appeal was pending.

with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b). The district court appears to have applied the career-offender enhancement to Alston based on his prior drug-trafficking convictions under Ohio Revised Code § 2925.03(A)(1).**3** Section 2925.03(A)(1) prohibits persons from "[s]ell[ing] or offer[ing] to sell a controlled substance or a controlled substance analog." We recently held in *Cavazos* that "statutes that criminalize offers to sell controlled substances are too broad to categorically qualify as predicate 'controlled substance offenses'" under § 4B1.2. *Cavazos*, 950 F.3d at 337. Therefore, Alston's convictions under § 2925.03(A)(1) do not qualify for the career-offender enhancement.

In light of *Havis* and *Cavazos*, we **REVERSE** the district court's sentence of Alston to 169 months' imprisonment and **REMAND** for resentencing.**4**

---

**3**Although the Presentence Report notes that Alston has multiple qualifying career offender offenses, Alston contends that the "prior drug convictions were the crux of the supposed career-offender status" because the other violent offenses cannot count as two separate offenses. (Br. for Def.-Appellant Pierre Alston at 7 (citing U.S.S.G. § 4A1.2(a)(2))). While this may be true—and the government appears to concede as much (Br. of Pl.-Appellee at 4)—we do not address whether or not the district court may find alternative grounds for a career-offender enhancement.

**4**As a result, we need not address Alston's arguments challenging the substantive reasonableness of his sentence.