**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DONOVAN PATRICK LEE SILVA,

     Defendant - Appellant.

No. 19-1298

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:18-CR-00312-REB-GPG-1)**
_____

John C. Arceci, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

J. Bishop Grewell, Assistant United States Attorney (Jason R. Dunn, United States Attorney, with him on the brief), Office of the United States Attorney, Denver, Colorado, for Plaintiff-Appellee.
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

**HARTZ**, Circuit Judge.
_____

Defendant Donovan Patrick Lee Silva contends that the district court plainly erred when it enhanced his base offense level under the Sentencing Guidelines by counting his prior assault conviction as a crime of violence under USSG § 2K2.1(a)(4)(A). He argues

that this conviction was too old to have independently received criminal-history points under USSG §§ 4A1.1 and 4A1.2 n.3(a). We agree that the Sentencing Guidelines did not permit the § 2K2.1(a)(4)(A) enhancement, and we conclude that this error satisfies all four prongs of the plain-error analysis. Exercising appellate jurisdiction under 28 U.S.C. § 1291, we reverse and remand for resentencing.

## I.    BACKGROUND

In 2019 Defendant pleaded guilty to one count of possessing a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). The parties agree that Defendant committed this offense on June 11, 2018.

Defendant's prior criminal history included two convictions entered on the same date in 2005 on Colorado felony counts of third-degree burglary and second-degree assault. He was sentenced on January 17, 2006, to two years' imprisonment on the burglary count and to fines and costs on the assault charge. Because he was sentenced on both these convictions on the same date and there was no intervening arrest between the two offenses, his presentence investigation report (PSR) treated his sentences for both convictions as a single sentence that received three criminal-history points under § 4A1.1(a) based on the length of the burglary sentence. The PSR further determined that the assault conviction qualified as a prior crime of violence under § 2K2.1(a)(4)(A), triggering an enhancement that increased his base offense level from 14 to 20.

Defendant did not raise any objections to the PSR, and at sentencing the district court accepted the PSR and adopted its findings, including its calculation of a base offense level of 20, a total offense level of 17, and an advisory sentencing range of 51–63 months.

2

The court sentenced Defendant to 42 months' imprisonment.

On appeal Defendant challenges only the district court's application of the § 2K2.1(a)(4)(A) enhancement, acknowledging that this issue must be governed by plain-error review because he did not raise an objection below.[1]

## II.     ANALYSIS

### A.     The District Court's Error

"To satisfy the plain error standard, a defendant must show that (1) the district court erred; (2) the error was plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Sabillon-Umana*, 772 F.3d 1328, 1333 (10th Cir. 2014) (Gorsuch, J.).  For an error to be "plain" under the second prong of this test, it must be "clear or obvious under current law." *United States v. Poe*, 556 F.3d 1113, 1129 (10th Cir. 2009).  A criminal defendant can show that an error in interpreting the Sentencing Guidelines was clear or obvious either by citing to "Supreme Court or Tenth Circuit

---

[1] Defendant primarily challenges this enhancement on the basis that his assault conviction was too old to qualify as a predicate crime of violence under § 2K2.1(a)(4)(A).  But his opening brief also "raise[d] solely for preservation purposes an additional argument," Aplt. Br. at 4, that if this court should find Colorado's second-degree-assault statute to be categorically overbroad in *United States v. Lozado*, 968 F.3d 1145 (10th Cir. 2020), which was pending before this court when Defendant filed his brief, then the district court's application of the § 2K2.1(a)(4)(A) enhancement would be plainly erroneous on that ground as well.  This court did not reach the issue of categorical overbreadth in *Lozado*.  *See* 968 F.3d at 1148 (explaining that the parties had initially disputed whether Colorado's second-degree-assault statute was categorically overbroad but that the issue was mooted when the government later agreed that the defendant's assault conviction did not qualify as a violent felony because it was a juvenile offense). We therefore do not address this argument here.

3

decisions directly addressing the Guidelines issue he raises" or by showing that the Guidelines are "clearly and obviously limited to the interpretation [he] advocates." *Id.* (ellipsis and internal quotation marks omitted). A defendant who makes this showing is entitled to a rebuttable presumption that the third and fourth prongs of plain-error review are satisfied as well. *See Sabillon-Umana*, 772 F.3d at 1333–34.

We thus focus our analysis on the question whether the Guidelines clearly and obviously prohibited the district court from enhancing Defendant's offense level under § 2K2.1(a)(4)(A) based on a more-than-ten-year-old assault conviction for which Defendant received a sentence of only fines and costs.

We begin by reviewing the text of the relevant Sentencing Guidelines and their commentary. Defendant's base offense level was governed by § 2K2.1(a), which determines the base offense levels for firearm offenses like Defendant's 18 U.S.C. § 922(g)(1) offense. As pertinent here, subsections (a)(1) and (a)(2) establish base offense levels of 26 and 24, respectively, for a defendant who has at least two prior felony convictions for a crime of violence or drug offense; subsections (a)(3) and (a)(4)(A) establish base offense levels of 22 and 20, respectively, for a defendant with one such prior conviction; and subsection (a)(6) establishes a base offense level of 14 for a defendant who was prohibited from possessing firearms at the time of the offense and had no qualifying prior convictions. (The distinction between (a)(1) and (a)(2), like the distinction between (a)(3) and (a)(4)(A), is based on the type of firearm involved in the offense.) The pertinent question here is whether the district court correctly determined Defendant's 2005 assault conviction to be a qualifying prior felony conviction that

4

triggered the 20-level § 2K2.1(a)(4)(A) enhancement, or whether Defendant should instead have received the 14-level § 2K2.1(a)(6) enhancement.

The commentary to § 2K2.1 includes the following explanation of how to determine when a prior conviction for a crime of violence or drug offense should trigger a higher offense level under this section:

> For purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c).  In addition, for purposes of applying subsection (a)(1) and (a)(2), use only those felony convictions that are counted separately under § 4A1.1(a), (b), or (c).  *See* § 4A1.2(a)(2).

USSG § 2K2.1 cmt. n.10; *see also United States v. Gieswein*, 887 F.3d 1054, 1058 (10th Cir. 2018) ("[T]he interpretative and explanatory . . . commentary from the Sentencing Commission is 'authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

Turning to the text of the first section cross-referenced in this application note, we see that § 4A1.1 sets forth how many criminal-history points arise from different types of prior sentences, including three points "for each prior sentence of imprisonment exceeding one year and one month."  USSG § 4A1.1(a).  The commentary to § 4A1.1 explains that it must be read together with the subsequent section, § 4A1.2, which provides definitions and instructions that govern the computation of criminal-history points.  *See* USSG § 4A1.1 cmt.  This section explains in turn that prior sentences imposed on the same day—such as Defendant's 2006 sentences for burglary and assault—are generally "treated as a single sentence," and, if these sentences were to run

concurrently, then the longest sentence of imprisonment is used to calculate the defendant's criminal-history points for the "single sentence." USSG § 4A1.2(a)(2). This section also provides senility limits for counting various types of sentences, so that, for instance, a sentence of one year and one month or less will not receive any points unless it was imposed within ten years of the instant offense. *See* USSG § 4A1.2(e).

Of special relevance to the issue before us, Application Note 3(A) to § 4A1.2 instructs how to determine whether Defendant's felony assault (as an offense for which the sentence was treated as part of a "single sentence") qualifies as a prior offense that triggers a Guidelines offense-level enhancement—that is, whether the assault qualifies as a "predicate offense" for the enhancement.[2] Application Note 3(A) states:

---

[2] The term *predicate offense* is not defined in the Guidelines and in fact appears nowhere other than in Application Note 3(A) to § 4A1.2. We therefore take it to have its general meaning as *any* prior offense that triggers a potential sentencing enhancement. This broad interpretation is supported by the Guidelines' amendment history. *See* USSG App. C, amend. 795 (explaining that § 4A1.2 cmt. n.3(A) was added to the Guidelines to "respond[] to a circuit conflict regarding the meaning of the 'single sentence' rule . . . and its implications for the career offender guideline *and other guidelines that provide sentencing enhancements for predicate offenses*" (emphasis added)); *see also United States v. Morton*, 714 F. App'x 419, 421 (5th Cir. 2018) (rejecting defendant's plain-error argument that § 4A1.2 cmt. n.3(A) did not apply to an enhancement imposed under § 2K2.1 in part because "the Sentencing Commission's explanation for Amendment 795, which added application note 3(A) to Guideline § 4A1.2, contradicts [t]his assertion"). And it also reflects the common practice of this and other circuits in using the term *predicate offense* to refer to offenses triggering enhancements under a number of different Guidelines, including § 2K2.1. *See, e.g.*, *United States v. Rosales-Garcia*, 667 F.3d 1348, 1349 (10th Cir. 2012) ("The sentencing scheme embodied in [USSG] § 2L1.2 imposes, via enhancements to the defendant's base offense level, more severe punishment for defendants who have committed serious prior crimes. A drug trafficking felony is enumerated as one such predicate offense."); *United States v. Benton*, 876 F.3d 1260, 1264 (10th Cir. 2017) ("[The defendant's prior conviction] qualifies as a predicate offense under [USSG] § 4B1.2(a)(1)."); *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008) ("As a preliminary matter, the parties do not dispute that a conviction entered

6

In some cases, multiple prior sentences are treated as a single sentence for purposes of calculating the criminal history score under §4A1.1(a), (b), and (c). However, *for purposes of determining predicate offenses, a prior sentence included in the single sentence should be treated as if it received criminal history points, if it independently would have received criminal history points*. Therefore, an individual prior sentence may serve as a predicate under the career offender guideline (*see* §4B1.2(c)) or other guidelines with predicate offenses, if it independently would have received criminal history points. *However, because predicate offenses may be used only if they are counted "separately" from each other (see §4B1.2(c)), no more than one prior sentence in a given single sentence may be used as a predicate offense.*

For example, a defendant's criminal history includes one robbery conviction and one theft conviction. The sentences for these offenses were imposed on the same day, eight years ago, and are treated as a single sentence under §4A1.2(a)(2). If the defendant received a one-year sentence of imprisonment for the robbery and a two-year sentence of imprisonment for the theft, to be served concurrently, a total of 3 points is added under §4A1.1(a). Because this particular robbery met the definition of a felony crime of violence and independently would have received 2 criminal history points under §4A1.1(b), it may serve as a predicate under the career offender guideline.

Note, however, that if the sentences in the example above were imposed thirteen years ago, the robbery independently would have received no criminal history points under §4A1.1(b), because it was not imposed within ten years of the defendant's commencement of the instant offense.

---

pursuant to an *Alford* plea may serve as a predicate offense under Guidelines § 2K2.1(2)."); *United States v. Donnell*, 661 F.3d 890, 896 (4th Cir. 2011) (district court erred in relying on officer's statements to determine that assault conviction "constituted a predicate offense under U.S.S.G. § 2K2.1(a)(2)"); *United States v. Wyckoff*, 918 F.2d 925, 927 (11th Cir. 1990) (holding that prior conviction could be counted both as part of defendant's criminal history under § 4A1.1(a) and as a "predicate offense under § 2K2.1"); *United States v. Hill*, 131 F.3d 1056, 1064 (D.C. Cir. 1997) (discussing sources a court may consider in "determining whether a prior conviction constitutes a predicate offense for purposes of U.S.S.G. § 2K2.1(a)(2)"); *see also United States v. Armijo*, 651 F.3d 1226, 1228 (10th Cir. 2011) ("The district court rejected Armijo's objections, concluding both predicate felonies were crimes of violence for purposes of § 2K2.1(a)(2).").

We see no reason why § 4A1.2 cmt. n.3(A)'s description of the rules governing predicate offenses would not on its face apply to the prior convictions that trigger enhancements under § 2K2.1.

> *See* §4A1.2(e)(2). Accordingly, it may not serve as a predicate under the career offender guideline.

USSG § 4A1.2 cmt. n.3(A) (emphasis added).

Application Note 3(A) thus establishes two rules for determining when convictions counted as part of a single sentence can qualify as predicate offenses: (1) any individual conviction can qualify as a predicate offense only if it was *independently* eligible to receive criminal-history points; and (2) only one conviction from any single sentence can count as a qualifying predicate, even if more than one conviction was independently eligible to receive points—because two convictions cannot both be counted as predicate offenses unless they are *separate*.

If Application Note 3(A) applies here, it clearly prevents the use of Defendant's prior assault conviction to enhance his sentence under § 2K2.1(a)(4)(A). The state court imposed sentence on the assault conviction in January 2006, more than 12 years before Defendant committed the instant firearm offense. Although he received a two-year sentence for a burglary charge that was part of the same state case, he was sentenced to only fines and costs on the assault count. Because a sentence without imprisonment that was imposed more than 10 years before the instant offense does not merit any criminal-history points, *see* USSG § 4A1.2(e), the assault conviction would not have "independently" received criminal-history points under § 4A1.1(a), (b), or (c), *see* USSG § 4A1.2 n.3(a). Indeed, this case is very similar to the hypothetical example described in the final paragraph of § 4A1.2 n.3(a), where an older conviction failed to qualify as a predicate offense because the length and age of the prior sentence would not have

permitted it to independently receive criminal-history points. Defendant's assault

conviction therefore fails to satisfy § 4A1.2 n.3(a)'s independent-eligibility rule. There is

no need to consider the separateness requirement explained in § 2K2.1 n.10 and

Application Note 3(A) because it comes into play only when there is more than one

potential qualifying conviction, and Defendant did not have even one prior conviction

that qualified as a crime of violence and was independently eligible to receive criminal-

history points.[3]

Notably, the government does not dispute that § 4A1.2 n.3, if applicable in this

case, would prohibit reliance on Defendant's old assault conviction as a predicate offense

triggering the § 2K2.1(a)(4) enhancement. Neither does the government contest that the

offenses triggering an enhancement under § 2K2.1 are "predicate offenses," nor that the

question whether a prior felony triggers an enhancement under a guideline must

ordinarily be answered by reference to both § 4A1.1 and § 4A1.2 and the commentary to

both of these sections. But the government argues that § 4A1.2 cmt. n.3(A) is not

applicable here because it is inconsistent with and thus superseded by the more specific

§ 2K2.1 cmt. n.10.

The flaw in the government's argument is that it fails to distinguish independence

from separateness. It points out that the requirement in § 2K2.1 cmt. n.10 that the

sentencing court should "use only those felony convictions that are counted *separately*" is

limited to when the court is "applying subsection (a)(1) and (a)(2)"; and then it infers

---

[3] The government does not dispute that Defendant's burglary conviction fails to fall within the applicable definition of *crime of violence*.

9

through negative implication that a court applying subsection (a)(3) or (a)(4) should *not* consider whether a prior conviction would be *independently* eligible to receive criminal-history points. Aplee. Br. at 7–8 (emphasis added). The government then argues that this purported specific rule trumps the more general rule of § 4A1.2 cmt. n.3(A) that a felony conviction qualifies as a predicate offense only if it would have independently received criminal-history points. But once one recognizes that independence and separateness are distinct concepts, the argument dissolves. The government has conflated the requirement that any predicate offense must *independently* qualify for criminal-history points with the entirely distinct requirement that a court cannot count multiple prior convictions as multiple predicate offenses unless they are *separate*, even if each conviction would be independently countable. Section 2K2.1 cmt. n.10 is fully consistent with § 4A1.2 cmt. n.3(A): it simply explains that convictions must be *separate* for purposes of those subsections—namely (a)(1) and (a)(2)—that require multiple prior convictions. Comment 10 nowhere contradicts Application Note 3(A)'s distinct requirement that *all* predicate offenses must *independently* be eligible for criminal-history points. We therefore reject the government's argument.

We also address another textual matter that on its face may suggest that Application Note 3(A) does not apply to § 2K2.1. Application Note 10 to § 2K2.1 repeats one of the two rules explained in Application Note 3(A) to § 4A1.2 (the separateness requirement) while saying nothing about the other rule (the independence requirement). One might ask why it was necessary to repeat one rule but not the other if both necessarily apply to § 2K2.1 through Application Note 3(A). One could infer that

10

the rule was repeated in Application Note 10 because Application Note 3(A) actually does not apply to § 2K2.1, so the separateness requirement needed to be stated explicitly in the comments to § 2K2.1, and the omitted requirement (the independence requirement) is inapplicable.

The amendment history of the Guidelines, however, undermines this inference. When the commentary to § 2K2.1 was amended in 2001 to state (in what was then comment 15) that an enhancement triggered by multiple prior convictions will not be satisfied unless the convictions are *separate*, § 4A1.2 did not contain a similar explanation; indeed, it did not include any of the text that now appears in Application Note 3(A) or any reference to predicate offenses. It addressed only computing criminal history. The Sentencing Commission added this separate-counting requirement to § 2K2.1's commentary in 2001 to "clarif[y] that in cases in which more than one prior felony conviction is required for application of the base offense level in . . . § 2K2.1, the prior felony convictions must be counted separately under Chapter Four (Criminal History and Criminal Livelihood)." USSG App. C, amend. 630. This explanation was rendered redundant in 2015 when Amendment 795 added the current text of § 4A1.2 cmt. n.3(A) to the Guidelines, clarifying that all enhancements triggered by multiple predicate offenses are subject to this separate-counting rule.[4] The failure at that time to eliminate the

_____

[4] The fact that this text was not added to § 4A1.2 cmt. n.3 until 2015 also explains why the government was incorrect to suggest at oral argument that its interpretation of the Guidelines is supported by the removal of a reference to "§4A1.2, comment. (n.3)." from USSG § 2K2.1 cmt. n.10 in 2010. At the time of this amendment, § 4A1.2 cmt. n.3 contained none of its present explanation on predicate offenses, and it had recently undergone an amendment that removed an explanation regarding "[r]elated [c]ases,"

11

redundancy in Application Note 10 (which has not been materially amended since 2015) would be an understandable and harmless oversight. We therefore see no reason to infer that § 4A1.2 cmt. n.3(a) is inapplicable to § 2K2.1. After all, § 2K2.1 explicitly incorporates § 4A1.1, which explicitly incorporates § 4A1.2. If the comments to § 4A1.2 were not to be incorporated, one would expect an explicit statement to that effect.

Indeed, the amendment history reinforces the conclusion that the Sentencing Commission intended for all Guidelines involving predicate offenses to be governed by the same basic rules. Amendment 795 explained that § 4A1.2 cmt. n.3(A) was added to the Guidelines to "respond[] to a circuit conflict regarding the meaning of the 'single sentence' rule . . . and its implications for the career offender guideline *and other guidelines that provide sentencing enhancements for predicate offenses*." USSG App. C, amend. 795 (emphasis added). And we reiterate that the Sentencing Commission did not need to either remove the new redundancy in § 2K2.1 cmt. n.10 or add an additional reference to cmt. n.3(a) in the commentary to § 2K2.1 in order to make § 4A1.2 cmt. n.3(a) applicable to § 2K2.1: this application note is a necessary part of the calculus under § 2K2.1 based on § 2K2.1 cmt. n.10's mandatory cross-reference to § 4A1.1, that section's mandatory cross-reference to § 4A1.2, *see* USSG § 4A1.1 cmt., and the general

---

which was relevant to determining criminal-history points. USSG § 4A1.2 cmt. n.3 (2010). Thus, when this cross-reference was removed, USSG § 4A1.2 cmt. n.3, which had become purely an "Upward Departure Provision," was entirely irrelevant to the application of USSG § 2K2.1. Nothing in the amendment history of these Guidelines suggests that the Sentencing Commission's removal in 2010 of a then-obsolete reference to § 4A1.2 cmt. n.3 in § 2K2.1 cmt. n.10 was intended to preclude any future reference to this application note if subsequent amendments made it once again relevant to the application of this or other predicate-offense Guidelines.

12

principle that the Guidelines commentary "is 'authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline,'" *Gieswein*, 887 F.3d at 1058 (quoting *Stinson*, 508 U.S. at 38). In short, the amendment history of the Guidelines supports Defendant's argument that § 4A1.2 cmt. n.3(a)'s independent-eligibility rule applies to predicate offenses under § 2K2.1. And nothing in the amendment history provides the slightest support for the government's attempt to turn § 2K2.1 cmt. n.10's separate-counting rule for subsections (a)(1) and (a)(2) into an exception to USSG § 4A1.2 cmt. n.3(a)'s independent-eligibility rule for all predicate offenses.

Finally, the government suggests that policy reasons support its reading of the Guidelines. Under its reading, it says, "[e]ven if multiple past convictions would not count under (a)(1) or (a)(2) because of § 4A1.2's requirement of counting them separately, at least one could be counted under (a)(3) or (a)(4)(A)." Aplee. Br. at 8. But that is precisely what the Guidelines permit under our above interpretation. When two prior convictions are not counted separately, that does not mean that neither counts; it means only that just one of them can be counted. The government misses that point by conflating, once again, independence and separateness. The independence requirement under Application Note 3(A) must be satisfied by any conviction to be a predicate offense under (a)(1), (a)(2), (a)(3), or (a)(4)(A). Only if the potential predicate offense satisfies that requirement must the court then consider whether it is separate from another potential predicate offense to determine whether the defendant's sentence can be enhanced based on multiple predicate offenses. In any event, "[p]olicy arguments are simply irrelevant where the statutory

13

language is unambiguous." *Lujan v. Regents of Univ. of Cal.*, 69 F.3d 1511, 1518 (10th Cir. 1995) (citing *Rodriguez v. United States*, 480 U.S. 522, 526 (1987)).

## B. Plain Error

As the previous discussion explains, the pertinent Guidelines clearly and obviously establish that a prior conviction cannot qualify as a predicate offense unless it is independently eligible to receive criminal-history points. *See* USSG § 4A1.2 cmt. n.3(a). Nothing in the text of § 2K2.1 or its amendment history can reasonably be read to support the government's argument that this rule is inapplicable to enhancements under § 2K2.1(a)(3) or (a)(4). Because it is undisputed that Defendant's assault conviction was not independently eligible to receive criminal-history points, Defendant has met his burden of establishing an error that is clear and obvious under current law. *See Poe*, 556 F.3d at 1129. As this error affected the calculation of his Guidelines sentencing range, he is entitled to a presumption that the third and fourth prongs of plain error are met as well, *see Sabillon-Umana*, 772 F.3d at 1333–34, and the government conceded this presumption at oral argument.

## III. CONCLUSION

We **REVERSE** the sentence imposed by the district court and **REMAND** for further proceedings in accordance with this opinion.