NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0276n.06

No. 20-3865

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUSTIN MCINTOSH | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Jun 07, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

**BEFORE:** **MOORE, CLAY, and STRANCH, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** Justin McIntosh appeals his below-Guidelines sentence of 130 months imposed after he pleaded guilty to two counts of distribution of heroin. The district court found that because McIntosh had two prior state convictions for drug-trafficking, he was a career offender under USSG § 4B1.1. McIntosh challenges his sentence as procedurally and substantively unreasonable, arguing that the district court misclassified him as a career offender and did not fully consider the § 3553(a) factors. Because the district court did not err in finding that McIntosh qualified as a career offender and weighed the sentencing factors in a reasonable manner, we AFFIRM McIntosh's sentence.

## I. BACKGROUND

Justin McIntosh had a record of drug-trafficking convictions dating back to 2013. In 2019, he was charged with and pleaded guilty to two counts of heroin distribution, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Presentence Investigation Report (PSR) recommended

a Guidelines range based on McIntosh's classification as a career offender due to three prior heroin trafficking offenses. McIntosh objected to the PSR's conclusion that he was a career offender.

At sentencing, the district court addressed McIntosh's objections to the PSR. The court recognized that one of McIntosh's offenses did not qualify as a predicate offense for a career offender classification as a result of our decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). It determined, however, that McIntosh had two other offenses that independently qualified as predicate offenses and so sustained McIntosh's objections in part and overruled them in part.

The district court accepted the PSR's career offender classification, which increased McIntosh's offense level from 12 to 34 and increased his criminal history category from III to VI. With a three-level reduction for acceptance of responsibility, McIntosh's total adjusted offense level was 31. After considering the 3553(a) factors, McIntosh's prior conduct, and his testimony, the court concluded that the career offender Guideline range of 188 to 235 months was "just slightly higher than is necessary" and varied downward, imposing a 130-month concurrent term of imprisonment. McIntosh filed a timely appeal, renewing his objection to his career offender classification and the reasonableness of his sentence.

## II.    ANALYSIS

We review the district court's sentence for procedural or substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 51 (2007). A court abuses its discretion if it commits a procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range." *Id*. A sentence is substantively unreasonable if the district court gave too much weight to some of the § 3553(a) factors and too little to others. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A sentence that falls within a correctly calculated Guidelines range

is presumed to be reasonable; however, a sentence outside the Guidelines range is not presumed to be unreasonable. *United States v. Massey*, 663 F.3d 852, 857 (6th Cir. 2011).

## A. Procedural Reasonableness

First, McIntosh contends that his sentence is procedurally unreasonable because the district court improperly counted one of his prior drug-trafficking convictions as a predicate offense for his career offender classification. To qualify for a career offender enhancement, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). USSG § 4B1.2(c) further explains that the requirement of "two prior felony convictions" is satisfied if "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." The Guidelines address how to treat multiple prior sentences under the provisions of § 4A1.1. Section 4A1.2(a)(2) sets forth what is known as the "single sentence" rule, providing:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) *the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.*

USSG § 4A1.2(a)(2) (emphasis added). Application Note 3(A) to § 4A1.2, specifies how to evaluate multiple prior convictions treated as a "single sentence" for purposes of determining predicate offenses for a career offender classification. Application Note 3(A) explains:

> for purposes of determining predicate offenses, a prior sentence included in the single sentence should be treated as if it received criminal history points, if it independently would have received criminal history points. Therefore, an individual prior sentence may serve as a predicate under the career offender guideline (see § 4B1.2(c)) or other guidelines with predicate offenses, if it independently would have received criminal history points. However, *because predicate offenses may be used only if they are counted "separately" from each other (see § 4B1.2(c)), no more*

> *than one prior sentence in a given single sentence may be used as a predicate offense*.
>
> For example, a defendant's criminal history includes one robbery conviction and one theft conviction. The sentences for these offenses were imposed on the same day, eight years ago, and are treated as a single sentence under § 4A1.2(a)(2). If the defendant received a one-year sentence of imprisonment for the robbery and a two-year sentence of imprisonment for the theft, to be served concurrently, a total of 3 points is added under § 4A1.1(a). Because this particular robbery met the definition of a felony crime of violence and independently would have received 2 criminal history points under § 4A1.1(b), it may serve as a predicate under the career offender guideline.

USSG § 4A1.2 comment n.3(A) (emphasis added). The Note establishes two rules for determining when convictions counted as part of a "single sentence" qualify as predicate offenses: (1) if the conviction "was *independently* eligible to receive criminal-history points;" and (2) "only one conviction from any single sentence can count as a qualifying predicate." *See United States v. Silva,* 981 F.3d 794, 799 (10th Cir. 2020).

McIntosh's PSR identified three career offender predicate offenses: (1) a January 2014 heroin-trafficking conviction, in violation of Ohio Revised Code § 2925.03(A)(2); (2) a December 2015 heroin-trafficking conviction, in violation of Ohio Revised Code § 2925.03(A)(1); and (3) a December 2015 drug-trafficking conviction, in violation of Ohio Revised Code §2925.03(A)(2). McIntosh argues that his two December 2015 offenses should be merged into a "single sentence" under USSG § 4A1.2(a)(2) and that neither conviction included in the "single sentence" was a predicate offense because the heroin-trafficking conviction, in violation of § 2925.03(A)(1), did not qualify as a career-offender predicate offense. Relying on Application Note 3(A), the Government contends that even after excluding the nonqualifying heroin-trafficking conviction, the December 2015 drug-trafficking conviction, in violation of Ohio Revised Code § 2925.03(A)(2), served as the second qualifying career predicate offense.

McIntosh does not dispute the Government's argument that his January 2014 heroin-trafficking conviction, a fourth-degree felony, was a controlled substance offense that qualified as a career offender predicate offense. His December 2015 convictions must be merged under the "single sentence" rule because they were sentenced on the same day, with no intervening arrest. USSG § 4A1.2(a)(2). The December 2015 heroin-trafficking conviction, in violation of Ohio Revised Code § 2925.03(A)(1), was an attempt crime and therefore did not qualify as a controlled substance offense for a career offender predicate offense. *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc); *see United States v. Alston*, 976 F.3d 727, 728 (6th Cir. 2020) (acknowledging that Ohio's § 2925.03(A)(1) "offer to sell" statute no longer qualifies as a controlled substance offense). However, when considered independently, the December 2015 drug-trafficking conviction, in violation of Ohio Revised Code § 2925.03(A)(2), constitutes a predicate controlled substance offense. *See United States v. Smith*, 960 F.3d 883, 890–92 (6th Cir.), *cert. denied*, 141 S. Ct. 442 (2020).

The commentary of Application Note 3(A) works to clarify the "single sentence" rule set out in USSG § 4A1.2(a)(2) as applied to the career offender framework of USSG § 4B1.1(a). *See Havis*, 927 F.3d at 386 ("[C]ommentary has no independent legal force—it serves only to interpret the Guidelines' text, not to replace or modify it."). While USSG § 4B1.1(a) requires two convictions for McIntosh to be classified as a career offender, it does not explain how we should evaluate multiple prior convictions merged into a combined sentence. Application Note 3(A) explains how courts evaluate multiple convictions for these single sentences.[1] Interpreting a

---

[1] Also, of note, the text of the Guidelines suggests that courts may consider the specific details of each conviction that make up a "single sentence" for the purposes of making a Guidelines range determination. USSG § 4A1.2(a)(2) states that "[f]or purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are treated as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment." This instruction implies that the underlying facts of the prior convictions are

guideline or explaining how it is to be applied is not an impermissible expansion or addition to the text of a guideline where the guideline itself is silent about applicability to a particular scenario. *United States v. Caro-Silva*, 815 F. App'x 836, 841 (6th Cir. 2020) (recognizing that "Application Note 3(D) does not [] add to or expand upon the text of § 1B1.3(a)(1)(A)—it simply interprets 'all acts and omissions committed' to include drugs"). The district court appropriately followed Application Note 3(A)'s procedure by counting McIntosh's January 2014 and December 2015 convictions as the two predicate offenses for a career offender enhancement. It did not commit a procedural error by determining that McIntosh qualified as a career offender.

## B. Substantive Reasonableness

McIntosh also challenges the substantive reasonableness of his sentence. At sentencing, the district court acknowledged that McIntosh had entered a plea agreement, and thus accepted the factual basis for the charges. The court continued by discussing McIntosh's individual history and characteristics, including that he had no history of violence and that he had a long history of drug dependency and related convictions which, in the district court's view, rendered him a danger to the community. After weighing the 3553(a) factors, hearing rehabilitation testimony from McIntosh directly, and considering sentences of similarly situated defendants, the court determined that the career offender Guidelines range was "slightly higher than is necessary." The district court varied downward, 38 to 80 months below the advisory range, and imposed a 130-month sentence on each count to be served concurrently. The court conducted a meaningful sentencing hearing, considering the parties' arguments and weighing the § 3553 factors. It "adequately explain[ed] the chosen sentence" and "[did] not presume that the Guidelines range is reasonable," *United States v.*

---

not immediately discarded after a sentence is merged into a single sentence. Neither the defendant, the Government, nor the district court may arbitrarily determine which prior conviction—and which conviction's underlying details— govern.

*Guarracino*, 750 F. App'x 438, 440 (6th Cir. 2018) (quoting *Gall*, 552 U.S. at 50–51), nor did it give an unreasonable amount of weight to any pertinent factor, *see United States v. Pittman*, 736 F. App'x 551, 557 (6th Cir. 2018) (finding that district court did not abuse its decision "by declining to vary further from the recommended sentencing range"). McIntosh's sentence was substantively reasonable.

## III.    CONCLUSION

For these reasons, we **AFFIRM** the sentencing decisions of the district court.