NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0449n.06

No. 20-4167

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 04, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| KEEON GREEN, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Keeon Green was a notorious drug dealer in Elyria, Ohio. Eventually he pleaded guilty in federal court to selling crack cocaine. By then, at age 38, Green had amassed 20 felony convictions, for which his longest prison term was one year. Based in large part upon that criminal history, the district court imposed a sentence of 60 months' imprisonment, which amounted to an upward variance of 19 months from Green's guidelines range. Green now argues that his sentence was procedurally and substantively unreasonable. We reject his arguments and affirm.

Green sold crack cocaine to a police informant in January 2019 and again in March of that year. A month later, police searched Green's car and found 112.45 grams of powder cocaine and 0.3 grams of crack cocaine, along with 0.25 grams of crack cocaine in Green's shoe. A federal grand jury later indicted Green for two counts of distributing cocaine base and one count of

possession with intent to distribute cocaine, each in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Green pleaded guilty to the charges.

Prior to sentencing, Probation Officer Kimberly Wessel prepared a presentence report in which she detailed Green's lengthy criminal record, which included 22 drug-related convictions—including a conviction for selling heroin. Green also had a domestic-violence conviction, after he repeatedly tried to hit the mother of one of his seven children in the face with a hammer. Wessel recommended that the district court classify Green as a career offender because of his prior convictions for drug trafficking. That classification would increase Green's guidelines range from 33-41 months to 188-235 months. Before Green's sentencing, however, our court held that heroin trafficking in violation of Ohio Revised Code § 2925.03(A)(1) was not a "controlled substance offense" under the guidelines. *See U.S. v. Alston*, 976 F.3d 727 (6th Cir. 2020). That meant Green was not a career offender, since a conviction for selling heroin in violation of § 2925.03(A)(1) had been a predicate for classifying him as one.

The district court thus calculated a guidelines range of 33-41 months. At Green's sentencing hearing, the court described in detail the facts set forth in Green's presentence report and the sentencing factors prescribed in 18 U.S.C. § 3553(a). To that end, the court cited Green's "horrible" criminal record, which included many convictions that did not affect his guidelines range. The court also emphasized the need to deter Green from committing further crimes, particularly since his longest sentence for any of his prior convictions had been only a year. Finally, the court acknowledged various mitigating factors in Green's personal history, including a learning disability, Green's "good family support," and his prior work history. But on balance the court determined that a sentence within the guidelines range would be woefully inadequate, given Green's record of nearly continuous criminal activity during the periods in which he had not

been incarcerated. The court therefore varied upward and imposed a sentence of 60 months' imprisonment. Green's counsel objected to the sentence itself but not to any aspect of the court's procedure leading up to it.

Yet Green now argues that his sentence was procedurally unreasonable, because the district court did not give him advance notice that the court might vary upward based on Green's 53 prior convictions. We review that claim only for plain error, which means Green must show that the district court made an error that was "clear or obvious[.]" *See United States v. Hatcher*, 947 F.3d 383, 389 (6th Cir. 2020). Green has not made that showing. To state his argument is nearly to refute it: every defendant should expect the district court to consider his criminal history in determining an appropriate sentence. *See, e.g.,* 18 U.S.C. § 3553(a)(1). And a defendant with 53 prior convictions can hardly claim unfair surprise when a court cites those convictions—including ones that did not affect the defendant's guidelines range—as a basis for an upward variance. The rule that Green cites applies in cases where the district court varies upward based on facts that were neither in the presentence report nor "reasonably foreseeable" as a basis for an upward variance. *See Hatcher*, 947 F.3d at 392. Neither circumstance is present here.

Green also complains that Probation Officer Wessel opined during his sentencing hearing that an upward variance was appropriate in his case. But the district court had no obligation to disclose that opinion to Green at all. *See* Fed. R. Crim. P. 32(e)(3). Green has not demonstrated that the district court committed any procedural error, let alone plain error.

Green also argues that his sentence was substantively unreasonable, which amounts to a claim that the district court "gave an unreasonable amount of weight to any pertinent factor." *United States v. Robinson*, 892 F.3d 209, 213 (6th Cir. 2018). Specifically, Green asserts that the district failed to explain how "any factors peculiar to Mr. Green" supported the court's conclusion

that Green presented a likelihood of recidivism. Suffice it to say that the transcript of Green's sentencing hearing reveals that assertion to be meritless.

The district court's judgment is affirmed.