**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RHYAN LITTLEJOHN-CONNER,

    Defendant - Appellant.

No. 21-1224
(D.C. No. 1:20-CR-00341-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BRISCOE**, and **McHUGH**, Circuit Judges.
_____

After discharging a firearm twelve times, striking one individual in the head

and sending another bullet through the window of a second-story apartment,

Rhyan Littlejohn-Conner pleaded guilty to one count of being a prohibited person in

possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court

imposed a sentence of 84 months' imprisonment, which fell at the bottom-end of the

Sentencing Guidelines range and three years below the statutory maximum. During

the sentencing hearing, the district court (1) stated it could not impose a lesser

sentence based on Mr. Littlejohn-Conner's family circumstances and the impact a

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

lengthy sentence would have on his family; and (2) discussed a sentence it imposed in a somewhat similar § 922(g) case. Mr. Littlejohn-Conner did not object to either of these matters, but now argues that, separately and cumulatively, they constitute error requiring resentencing. Concluding both matters are subject to plain error review and Mr. Littlejohn-Conner cannot satisfy the third and fourth prongs of that review, we affirm.

## I.    BACKGROUND

### A.    *Criminal Conviction*

In 2012, Mr. Littlejohn-Conner pleaded guilty to a pair of Colorado felony offenses involving robbery. These convictions rendered Mr. Littlejohn-Conner ineligible to possess a firearm or ammunition. *See* 18 U.S.C. § 922(g)(1). In 2020, the events giving rise to this appeal began when Mr. Littlejohn-Conner and his wife were in their apartment and heard a loud noise. Mr. Littlejohn-Conner looked outside and saw a man breaking into their vehicle. Mr. Littlejohn-Conner retrieved a firearm and went outside to confront the man. The man returned to a vehicle in which he had ridden to the scene of the incident. Mr. Littlejohn-Conner fired at least twelve shots in the general direction of the vehicle. One of the bullets struck an occupant of the vehicle in the back of the head, resulting in the individual seeking medical care. Mr. Littlejohn-Conner's aim was less than proficient and another bullet shattered the second-floor window of a nearby apartment that was occupied at the time of the shooting.

A grand jury charged Mr. Littlejohn-Conner with one count of possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Pursuant to a written agreement, Mr. Littlejohn-Conner pleaded guilty to the charged offense.

### B.    Sentencing Hearing

A Presentence Investigation Report ("PSR") calculated a total offense level of twenty-five. The PSR also assigned Mr. Littlejohn-Conner five criminal history points, placing him in criminal history category IV. With a total offense level of twenty-five and a criminal history category of IV, the PSR advanced a Guidelines range of 84 to 105 months. After resolving objections not at issue in this appeal, the district court adopted the calculations established by the PSR.

The PSR also provided information about Mr. Littlejohn-Conner's family circumstances. Relevant to this appeal, Mr. Littlejohn-Conner married in 2021 and, as of the time of sentencing, he and his wife had two children, ages one and two. Mr. Littlejohn-Conner's wife also has two children from a prior relationship, then ages six and ten.

Mr. Littlejohn-Conner's relationship with his wife has been far from peaceful. In 2019, he was convicted of third-degree assault following a domestic violence incident. Specifically, Mr. Littlejohn-Conner punched the woman who is now his wife twice while she was holding a young child, tackled her into a glass coffee table, and continued to punch her until she lost consciousness. Nonetheless, Mr. Littlejohn-Conner's wife provided the probation officer a letter in support of Mr. Littlejohn-Conner and spoke on his behalf at sentencing. Mr. Littlejohn-Conner's

3

sisters also spoke on his behalf. All four women stressed the impact a lengthy sentence would have on Mr. Littlejohn-Conner's family and that his children were dependent on him for financial support.

Mr. Littlejohn-Conner argued for a below-Guidelines sentence of 57 months' imprisonment. Mr. Littlejohn-Conner contended he had reformed his behavior and noted he was "steadily employed," a "good worker," and "supporting his family" in the years prior to the offense. ROA Vol. III at 29–30.

The Government acknowledged that Mr. Littlejohn-Conner had more family support than most defendants and that "[a]ny sentence [was] going to have a horrible impact on [his] family." ROA Vol. III at 50. But the Government sought a top-of-the-Guidelines, 105-month sentence. In support of this sentence, the Government cited (1) the characteristics of the offense, including Mr. Littlejohn-Conner discharging the firearm; (2) how Mr. Littlejohn-Conner's case compared to *United States v. Colbert*, a case recently before the same district court judge and which resulted in a 120-month sentence;[1] and (3) Mr. Littlejohn-Conner's criminal history, including the domestic violence incident and an active state warrant for his arrest at the time of the offense.

The district court started its discussion of the appropriate sentence for Mr. Littlejohn-Conner by denying his motion for a downward variance from the Guidelines range. In denying the motion, the district court focused on the offense

---

[1] Earlier in the hearing, the district court discussed the *Colbert* case.

characteristics and stated that although the motion was "grounded in some valid points concerning the defendant's childhood, his efforts to change his life, . . . his concerns about his wife's safety, and so forth could justify a variance, . . . in this case they don't justify in my mind a downward variance." *Id.* at 61.

The district court then turned to the 18 U.S.C. § 3553(a) factors, beginning with a discussion of Mr. Littlejohn-Conner's history and characteristics. The district court expressed concern about Mr. Littlejohn-Conner's criminal history, particularly his 2019 domestic violence conviction, stating:

> He did pick up a robbery felony in 2012, but the significant thing that happened that has been talked about is his third-degree assault in 2019 at the age of 26, a domestic violence situation in which he repeatedly punched and threatened Ms. Brook Johnson, who is today his wife, at the time his girlfriend, to the point that she lost consciousness. I know that Ms. Johnson has forgiven him for that. She is here today. She has made a very eloquent speech on his behalf, and I get that, but it was concerning to the probation office, to the Government, counsel, and to me that that was as recent as 2019 and involved the same victim that he now is claiming he committed this offense in part to protect. The criminal history is not pretty, and that's why he had a class IV criminal history even at the age of 29.

*Id.* at 63–64. The district court then acknowledged Mr. Littlejohn-Conner's family circumstances and the statements of his family members:

> [T]hese four women in this courtroom have come here today, his wife and three of his sisters, to tell me that he has really changed, and he is a good man, and I think in many ways I have to agree with them.
>     One of them said he is not the only one being punished here today. That is so true, because the family gets punished when I sentence somebody. His sisters get punished. His wife even more so gets punished. His kids get punished. And if only these people like Mr. Littlejohn-Conner would stop for a minute and think about what the implications of his behavior would be on his family, we wouldn't have to have these four grieving women in court doing their best to support

him and urge the Court to do the best it can for him. *But as I said many times, I can't sentence him differently because he's got a beautiful family that need his support. I can't do better for him than I do for someone else that commits the very same crime that doesn't have the same family issues.*

*Id.* at 65 (emphasis added). The district court then moved on to a discussion about specific deterrence, concluding it was a "major factor" because the court did not believe Mr. Littlejohn-Conner had learned his lesson where it was made very clear to him that he could not possess a firearm, but he did so anyway. *Id.* at 66 The district court also discussed proportionality in sentencing, comparing Mr. Littlejohn-Conner's case to the *Colbert* case, which also involved the discharge of a firearm and a bullet striking an individual. The district court opined Mr. Littlejohn-Conner's case, while having some similarities with the *Colbert* case, was not as serious. And the district court remarked that it needed to "think about [the *Colbert* case] among the many other [§ 922(g)(1)] cases I've had and avoid unwarranted disparity sentences to be proportional." *Id.* at 67.

Weighing these considerations, the district court determined a low-end-of-the-Guidelines sentence of 84 months' imprisonment was fair. The district court then asked counsel for Mr. Littlejohn-Conner if he had anything further besides requesting a Bureau of Prisons facility placement recommendation. Counsel for Mr. Littlejohn-Conner did not raise any objection to the district court's discussion of the § 3553(a) factors and sought only a placement in a facility in Arizona. The district court agreed to include such a recommendation in its judgment and concluded the proceeding by stating, "Hearing nothing, then we'll be in recess. I want to say to

6

the four ladies in the back I wish you the very best. I'm sorry I couldn't have done better for you." *Id.* at 70.

Mr. Littlejohn-Conner appeals his sentence, advancing two claims of error. First, Mr. Littlejohn-Conner argues the district court erred in believing it could not consider Mr. Littlejohn-Conner's family circumstances and the impact a lengthy prison term would have on his family. Second, Mr. Littlejohn-Conner argues the district court plainly erred by focusing on the *Colbert* case, rather than sentences typically imposed on § 922(g)(1) offenders nationally, when discussing the need to avoid unwarranted sentencing disparities. And Mr. Littlejohn-Conner contends even if one of the two errors by the district court does not warrant vacatur and remand, the combined impact of the errors does. The Government contends Mr. Littlejohn-Conner failed to object to the district court's comments about consideration of his family circumstances such that his first argument, like his second argument, is subject to plain error review. And the Government contends that while neither issue involves an error, Mr. Littlejohn-Conner certainly has failed to satisfy the plain error standard.

## II.    DISCUSSION

First, we discuss the standard of review applicable to each of Mr. Littlejohn-Conner's claims of error, concluding plain error review applies to both. Second, we apply plain error review, concluding, even when the claims of error are cumulated, Mr. Littlejohn-Conner has not satisfied the third and fourth prongs of that review.

### A.    Standard of Review

Mr. Littlejohn-Conner concedes he did not object to the district court's discussion of the *Colbert* case and its consideration of other unnamed 18 U.S.C. § 922(g) cases in which it imposed sentences. Accordingly, the parties agree this issue is subject to plain error review. Mr. Littlejohn-Conner also failed to object to the district court's comments about consideration of his family circumstances. But, on this issue, Mr. Littlejohn-Conner contends he did not need to object because he presented the factor for consideration but, in his view, the district court stated it legally could not consider the factor. We view the sentencing hearing transcript differently than Mr. Littlejohn-Conner and conclude he needed to raise an objection to preserve the issue.

It is a fine line between when a defendant must object to a district court's explanation on a sentencing factor and when no objection is needed to preserve an issue. On the one hand, where an "issue has been raised and ruled upon before pronouncement of sentence," the defendant need not "perform a superfluous and futile gesture" of raising an objection to the ruling because such "would take the time of the district courts for [a] meaningless charade." *United States v. Lopez-Avila*, 665 F.3d 1216, 1218 (10th Cir. 2011). On the other hand, where a district court fails to adequately explain its reasoning and an objection would permit the court to clarify the record and offer any additional necessary explanation, the defendant must raise an objection to preserve the issue. *United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012).

An objection was needed in this instance. The district court stated, "I can't sentence him differently because he's got a beautiful family that need his support. I can't do better for him than I do for someone else that commits the very same crime that doesn't have the same family issues." ROA Vol. III at 65. We could read this statement in one of two ways. First, as Mr. Littlejohn-Conner contends, it might suggest the district court did not believe the 18 U.S.C. § 3553(a) factors permitted it to consider Mr. Littlejohn-Conner's family circumstances. Second, as the Government suggests, it might indicate the district court did not believe Mr. Littlejohn-Conner's family circumstances were so persuasive as to warrant a different sentence when weighed with the other § 3553(a) factors. This latter reading appears more likely where the district court, earlier in the hearing, commented on the potential validity of Mr. Littlejohn-Conner's motion for a downward variance but concluded the considerations offered by Mr. Littlejohn-Conner in support of the motion were insufficient to warrant a downward variance from the Guidelines range. *Id.* at 61; *supra* at 4–5. But, at a minimum, where the district court's explanation is subject to multiple readings, an objection would not have been futile because it would have permitted the district court to clarify its statement.[2] Accordingly, the issue is subject to plain error review.

---

[2] To avoid this conclusion, Mr. Littlejohn-Conner attempts to compare his case to *United States v. Vargas-Ortega*, 736 F. App'x 761 (10th Cir. 2018) (unpublished), where we held an objection was not required to preserve an issue. In *Vargas-Ortega*, the district court rejected consideration of family circumstances, stating:

To satisfy the plain error standard, the defendant must establish (1) "an error that has not been intentionally relinquished or abandoned," (2) "the error must be plain—that is to say, clear or obvious," (3) "the error must have affected the defendant's substantial rights," and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). A defendant must satisfy all four prongs to obtain relief and if a defendant is unable to satisfy one of the prongs, we need not address the

---

> I do not consider his family circumstances, and I don't for several reasons. It's not because it isn't important to him. *It's because it is not a factor or an objective under 18 U.S.C. Section 3553. Some defendants are fortunate to have loving families. Other defendants are not so fortunate.* Some defendants who have loving families behave in ways that [are] destructive to their family members. Other defendants, such as this defendant, [have] behaved in a responsible fashion in taking care of his family. *But the existence of his family and the importance of his family to him do not bear upon any of the sentencing objectives or sentencing factors.* I think he's fortunate to have a loving family, and I'm hopeful that they will be able to work something out once he is relocated in Mexico.

*Id.* at 762 (emphasis added). As shown by the emphasized language, the district court in *Vargas-Ortega* clearly and unambiguously connected its inability to consider family circumstances to the factors on which it believed § 3553(a) permitted consideration. Thus, any objection in *Vargas-Ortega* would have proved unproductive as the district court would have repeated its misconception that § 3553(a) did not permit consideration of the defendant's family circumstances. *Id.* at 763–64; *see also United States v. Munoz-Nava*, 524 F.3d 1137, 1148 (10th Cir. 2008) (holding no abuse of discretion where district court considered family circumstances when varying downward). In Mr. Littlejohn-Conner's case, the district court merely made the somewhat ambiguous statement that it could not sentence him differently based on family circumstances; but it never made a clear misstatement of law regarding the § 3553(a) factors barring consideration of family circumstances.

remaining prongs. *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir.

2014); *United States v. Pablo*, 696 F.3d 1280, 1301 (10th Cir. 2012). On the third

prong, for an error to affect substantial rights, the error usually "must have affected

the outcome of the district court proceedings." *United States v. Gonzalez-Huerta*, 403

F.3d 727, 732 (10th Cir. 2005) (quoting *United States v. Cotton*, 535 U.S. 625, 632

(2002)); *see also Rosales-Miranda*, 755 F.3d at 1258 ("An error seriously affects the

defendant's substantial rights, as those terms are used in the plain-error test, when the

defendant demonstrates that there is a reasonable probability that, but for the error

claimed, the result of the proceeding would have been different." (internal quotation

marks omitted)). On the fourth prong, an error "seriously affects the fairness,

integrity, or public reputation of judicial proceedings" and permits for reversal "only

where the error is particularly egregious and the failure to notice the error would

result in a miscarriage of justice."[3] *Rosales-Miranda*, 755 F.3d at 1262 (internal

quotation marks omitted).

---

[3] Mr. Littlejohn-Conner contends the Government waived any argument under the third and fourth prongs of plain error review relative to his family circumstances argument. But the Government invoked plain error review for the issue. And Mr. Littlejohn-Conner cites only caselaw involving general principles of waiver rather than caselaw holding the Government, after invoking plain error review, can implicitly waive the applicability of one or more prongs of that standard by not briefing them in a response brief. *See* Reply Br. at 1–2. Further, Mr. Littlejohn-Conner's attempt to rely on waiver is contrary to the framework of plain error review, which places the burden on the defendant to satisfy each of the four prongs of plain error. *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) ("The defendant has 'the burden of establishing entitlement to relief for plain error.' *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). That means that the defendant has the burden of establishing each of the four requirements for plain-error relief.").

### B.    Analysis

We conclude Mr. Littlejohn-Conner has not satisfied the third prong of plain error review, even when his alleged errors are cumulated. The statutory range for an offense under § 922(g)(1) is up to 120 months' imprisonment. 18 U.S.C. § 924(a)(2). As our starting point for evaluating the impact of both alleged errors, we contemplate the seriousness of Mr. Littlejohn-Conner's offense, in that he not only illegally possessed ammunition but he also discharged a firearm twelve times in a residential area, striking one individual in the head and sending another bullet through the window of an occupied second-floor apartment. As reflected by Mr. Littlejohn-Conner's Guidelines range of 84 to 105 months, which approached the statutory maximum, the conduct underlying the offense exceeded mere possession of ammunition and placed Mr. Littlejohn-Conner on the more severe end of § 922(g)(1) offenders.

Furthermore, as recognized by the district court, despite his relatively youthful age, Mr. Littlejohn-Conner's criminal history was persistent from 2008 through 2019. *See* ROA Vol. III at 63–64 ("The criminal history is not pretty, and that's why he had a class IV criminal history even at the age of 29."). And Mr. Littlejohn-Conner was far from a model prisoner while previously incarcerated and his conduct while more recently on probation resulted in a pending state warrant for his arrest for failing to comply with probation terms. ROA Vol. II at 10, 12–13. This supported the district court's conclusion that specific deterrence was a "major factor" in selecting a sentence. ROA Vol. III at 66. Yet, despite these considerations counseling in favor of

12

a stiff sentence, the district court selected a sentence at the low-end of the Guidelines range, some 36 months below the statutory maximum.[4] A presumption of reasonableness attaches to a sentence within the Guidelines range, no less a sentence at the very bottom of a 21-month Guidelines range. *See United States v. Wireman*, 849 F.3d 956, 964 (10th Cir. 2017) ("[A] within-[G]uideline-range sentence that the district court properly calculated is entitled to a rebuttable presumption of reasonableness on appeal." (internal quotation marks and ellipsis omitted)).

With this presumption of reasonableness as a backdrop,[5] Mr. Littlejohn-Conner first argues that had the district court considered his family circumstances, it would have varied below the Guidelines. For two reasons, we conclude Mr. Littlejohn-Conner has not demonstrated a reasonable probability of such a sentence.

First, although Mr. Littlejohn-Conner attempted to paint himself as a family man, his record suggests otherwise. Just a year and eight months before the offense of conviction, Mr. Littlejohn-Conner sustained a conviction in connection with a serious domestic violence offense against his now-wife, punching her twice in the face while she held one of her children and then tackling her into a glass table and

---

[4] Of note, the sentence selected by the district court matched the recommendation of the probation officer and was almost two years below the sentence sought by the Government.

[5] Where Mr. Littlejohn-Conner raises challenges to the procedural reasonableness of his sentence, this presumption of reasonableness does not directly apply but merely serves as a backdrop for our analysis of the third and fourth prongs of plain error review.

punching her further until she lost consciousness. ROA Vol. II at 12. The incident even led to the issuance of a mandatory protection order that remains active through July 2025. And, when discussing Mr. Littlejohn-Conner's criminal history, the district court recognized the gravity of this offense and how it contradicted Mr. Littlejohn-Conner's attempt to paint himself as a family man.

Second, it is true that a district court may consider family circumstances when selecting a sentence. *See* 18 U.S.C. § 3553(a)(1) (permitting consideration of defendant's "history and characteristics"); *see also United States v. Munoz-Nava*, 524 F.3d 1137, 1148 (10th Cir. 2008) (holding district court did not abuse its discretion when varying downward based on family circumstances). But, within the departure context, the Guidelines strongly caution against relying on family circumstances to reach a lower sentence, stating that "[i]n sentencing a defendant convicted of an offense other than an offense described in the following paragraph, family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." United States Sentencing Guidelines Manual, §5H1.6 (policy statement) (2018); *see also Munoz-Nava*, 524 F.3d at 1148 ("The Guidelines disfavor the consideration of family ties and responsibilities."). Turning to the related variance context, we have acknowledged "family circumstances were likewise disfavored in the § 3553(a) analysis." *Munoz-Nava*, 524 F.3d at 1148. Thus, while a permissible consideration, family circumstances are not typically a predominating consideration in the § 3553(a) analysis.

When Mr. Littlejohn-Conner's family circumstances are weighed against the other § 3553(a) considerations, including the nature and severity of his offense conduct, his criminal history, the need for specific deterrence and to protect the public, the record as a whole does not support the likelihood or appropriateness of a below-Guidelines sentence. Accordingly, if the district court committed any error relative to consideration of Mr. Littlejohn-Conner's family circumstances, we conclude the error had a negligible impact on the sentencing proceeding.

Mr. Littlejohn-Conner next contends the district court plainly erred by focusing on the *Colbert* case when attempting to avoid unwarranted sentencing disparities. The relevant statutory provision states:

> **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> * * *
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

18 U.S.C. § 3553(a)(6). "On its face, this factor *requires* a district court to take into account only disparities *nationwide* among defendants with similar records and Guideline calculations."[6] *United States v. Martinez*, 610 F.3d 1216, 1228 (10th Cir.

---

[6] The fact that § 3553(a)(6) *requires* a district court to consider nationwide disparities does not preclude a district court from remaining cognizant of sentences imposed within the district in cases with similar facts. *See United States v. Gaccione*, 977 F.3d 75, 85 (1st Cir. 2020) (noting that concern would arise under § 3553(a)(6) "if two identically situated defendants received different sentences from the same judge." (quoting *United States v. Arsenault*, 833 F.3d 24, 33 n.5 (1st Cir. 2016))); *see*

15

2010) (internal quotation marks omitted) (first emphasis added); *see also United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008) (Section "3553(a)(6) . . . looks to uniformity on a national scale."). Thus, if the district court believed reference to the *Colbert* case satisfied the need to consider sentencing disparities under § 3553(a)(6), such was error.

We, however, are unpersuaded that any alleged misunderstanding of the law by the district court had a meaningful effect on the outcome of Mr. Littlejohn-Conner's sentencing proceeding. First, as with our analysis of Mr. Littlejohn-Conner's family circumstances argument, the record as a whole strongly supported a within-Guidelines sentence, arguably one in excess of the bottom of the Guideline range. Second, if the district judge was familiar with the need to avoid nationwide sentencing disparities when conducting sentencing in the *Colbert* case (and "the many other [§ 922(g)(1)] cases [he] had"), ROA Vol. III at 67, then reference to those cases necessarily, by way of the transitive property,

---

*also Unites States v. Sanchez*, 989 F.3d 523, 539 (7th Cir. 2021) (Section "3553(a)(6) provides for discretionary comparison and 'applies to defendants with *similar records* who have been found guilty of *similar conduct*' . . . . Further, our case law neither precludes nor requires comparison to a parallel conspiracy—whether before the same or different judges—when considering unwarranted disparities under § 3553(a)(6)" (quoting *United States v. Durham*, 645 F.3d 883, 897 (7th Cir. 2011))); *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008) (observing that a sentencing judge has discretion to consider "local disparities" under § 3553(a)(6) when selecting a sentence); *United States v. Ausburn*, 502 F.3d 313, 330 (3d Cir. 2007) (vacating sentence where district court did not consider defendant's argument "that two cases recently decided in the same district . . . provided bench marks for determining a proper sentence, and that the court should hew close to the sentences in those cases").

16

incorporated consideration of avoiding unwarranted nationwide sentencing disparities. Third, and most importantly, while the district court discussed the *Colbert* case at some length, it does not appear from the record that the *Colbert* case significantly influenced the district court's ultimate selection of a sentence. While the same district judge imposed a 120-month sentence in the *Colbert* case, Mr. Littlejohn-Conner received only an 84-month sentence, some 36 months' and 30% below the sentence imposed in *Colbert*.

Similar to the family circumstances issue, any error by the district court in considering the *Colbert* case as part of its effort to avoid unwarranted disparities in accord with § 3553(a)(6) had a negligible impact on the sentence the district court ultimately selected. And when we combine the negligible impact of any presumed error regarding family circumstances with the negligible impact of any presumed error regarding consideration of the *Colbert* case, we are unpersuaded the cumulative impact of the alleged errors affected Mr. Littlejohn-Conner's substantive rights. For the same reasons, we are unpersuaded any errors seriously affected the fairness, integrity, or public reputation of the judicial proceeding. Accordingly, Mr. Littlejohn-Conner has not satisfied his burden under the third and fourth prongs of the plain error analysis.

### III.    CONCLUSION

We AFFIRM the judgment and the sentence imposed by the district court.


Entered for the Court


Carolyn B. McHugh
Circuit Judge

*United States v. Littlejohn-Conner*, No. 21-1224
**BACHARACH**, J., dissenting.

I respectfully dissent because the district court committed plain error in misapplying 18 U.S.C. § 3553(a)(6). When sentencing Mr. Littlejohn, the district court mistakenly stated that it had to consider a possible disparity with its own past sentences. Although the law might have allowed the court to consider such a disparity, such consideration wasn't required; § 3553(a)(6) required only that a district court consider national disparities, not the court's own past sentences. Because this mistake constituted plain error, I would vacate Mr. Littlejohn's sentence and remand for resentencing.

1.    **Our review is for plain error.**

Mr. Littlejohn did not make this argument in district court, so we review only for plain error. Under this standard, Mr. Littlejohn must "show that (1) the district court erred; (2) the error was plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Silva*, 981 F.3d 794, 797 (10th Cir. 2020) (quoting *United States v. Sabillon-Umana*, 772 F.3d 1328, 1333 (10th Cir. 2014)).

2.    **The district court committed a plain error by stating that it had an obligation to avoid disparities with its own past sentences.**

When sentencing a defendant, the district court must consider "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6).

This consideration involves "only disparities *nationwide* among defendants with similar records and Guideline calculations." *United States v. Adams*, 751 F.3d 1175, 1183 (10th Cir. 2014) (quoting *United States v. Damato*, 672 F.3d 832, 848 (10th Cir. 2012) (emphasis in original)).

Although § 3553(a)(6) addresses only national disparities, the Supreme Court has allowed district courts to consider possible disparities with the sentences of co-conspirators. *Gall v. United States*, 552 U.S. 38, 54–55 (2007). And the Sixth Circuit apparently allows district courts to consider the sentences of similarly situated defendants. *See United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008) ("The district judge, in his discretion, might have considered local disparities to be a relevant consideration . . . ."); *cf. United States v. Gaccione*, 977 F.3d 75, 85 (1st Cir. 2020) ("[C]oncerns [could arise under § 3553(a)(6)] only if two identically situated defendants received different sentences from the same judge . . . ." (cleaned up)). But the district court went further, stating that it had an *obligation* to consider its own past sentences.

The district court first stated this misunderstanding at Mr. Littlejohn's change-of-plea hearing. There the district court

- explained that it "considers a whole list of other factors that are provided in the statute" and

- listed the § 3553(a) factors.

R. vol. 3, at 12. But rather than list avoidance of nationwide sentencing disparities, the court listed avoidance of disparities with its own past sentences. *Id.*

At the sentencing, the district court applied this misunderstanding, repeatedly drawing parallels between Mr. Littlejohn's conduct and the conduct of a prior defendant (Mr. Herman Colbert). Like Mr. Littlejohn, Mr. Colbert was a felon who had a loaded firearm and used it to shoot at someone. The district court varied upward and sentenced Mr. Colbert to the statutory maximum of 120 months. R. vol. 3, at 67.

When referring to *Colbert*, the district court noted that Mr. Littlejohn's case was

> not [*Colbert*] in that in [*Colbert*] the victim died, but the similarity is that you have a fellow who has a prior felony, is prohibited from having a firearm, but nevertheless does have a firearm, and it's loaded, and there is an argument or an incident that occurs, and the firearm is fired, and somebody is either hurt or killed or could have been killed. That is why I varied above guideline in [*Colbert*]. *And one thing I'm supposed to do as a judge is to avoid unwarranted sentencing disparities, and so I am comparing this situation to that situation as one of the factors I am thinking about in this case.*

*Id.* at 24 (emphasis added).

> Later in the hearing, the district court again referred to *Colbert*:

> I varied upwards to the top of the sentencing range and sentenced Mr. Colbert to 120 months, the highest I could give him. *And I have to think about that case among the many other possession of firearm by felon cases I've had and avoid unwarranted disparity sentences to be proportional.* And when I put Mr. Littlejohn-Conner into that proportionality frame, I don't think

3

his case, fortunately for him and for the victim and for his family, is as aggravated as Colbert's case, but it's not that far from it.

*Id.* at 67 (emphasis added).

We may assume for the sake of argument that the district court could consider the past sentence in *Colbert*. But the court didn't "have to think about that case" to "avoid unwarranted disparity [in sentences]." *Id.*

A district court must consider "all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49–50; *see United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008) ("Section 3553(a) mandates consideration of its enumerated factors . . . ."). But in the context of § 3553(a)(6), our precedent requires consideration only of national disparities, not local ones. *See United States v. Verdin-Garcia*, 516 F.3d 884, 899 (10th Cir. 2008) ("[E]ven if sentencing disparities among co-defendants may be considered by district courts in the exercise of their sentencing discretion [under *Gall*], 18 U.S.C. § 3553(a)(6) requires a judge to take into account only disparities *nationwide* among defendants with similar records and Guideline calculations." (emphasis in original)); *United States v. Tindall*, 519 F.3d 1057, 1066 (10th Cir. 2008) ("[W]e have held that § 3553(a)(6) requires a judge to take into account only disparities nationwide . . . ." (cleaned up)).

So even if we assume that the district court could consider its own past sentences, the court had no obligation to consider them. Yet here, the

4

district court mistakenly stated that it had to consider its own past sentences, like the past sentence in *Colbert*, when sentencing Mr. Littlejohn.

Because we've held that § 3553(a)(6) requires consideration only of nationwide disparities (not disparities with the court's own past sentences), the district court committed an error that's considered obvious under our precedents. *See United States v. Hunter*, 739 F.3d 492, 496 (10th Cir. 2013) (an error is plain if the Supreme Court or Tenth Circuit has addressed the issue).

**3.    The district court's error affected Mr. Littlejohn's substantial rights.**

I thus consider whether the error affected the defendant's substantial rights. *See* Part 1, above. A defendant's substantial rights are affected by an error if there is "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Clark*, 415 F.3d 1234, 1240 (10th Cir. 2005) (quoting *United States v. Dazey*, 403 F.3d 1147, 1175 (10th Cir. 2005)). So in the sentencing context, there must be a reasonable probability that, but for the error, the defendant would have received a lesser sentence. *United States v. Burns*, 775 F.3d 1221, 1224 (10th Cir. 2014).

5

The government argues that even if the district court had erred, the error wouldn't have affected Mr. Littlejohn's substantial rights because the district court

- imposed a sentence within the applicable guideline range and

- considered other factors to arrive at the sentence.

The district court did correctly calculate the guideline range and select a sentence within that range. And the district court implicitly considered national disparities by applying the guidelines. *See United States v. Franklin*, 785 F.3d 1365, 1371 (10th Cir. 2015).

But the problem wasn't the district court's failure to consider national disparities. To the contrary, the problem was the district court's mistaken belief that it had to consider not only national disparities but also the court's past sentences. If the district court recognized that it had a choice, it might have decided *not* to consider the sentence imposed in *Colbert*.

The court considered not only the past sentence in *Colbert* but also other factors, such as deterrence, rehabilitation, criminal history, and community safety. But we have no way of knowing whether the district court would have imposed a shorter sentence without the mistaken view that it needed to avoid a disparity with the past sentence in *Colbert*. What we do know is that the district court

6

- expressly measured Mr. Littlejohn's sentence by comparing his conduct and sentence to Mr. Colbert's and

- emphasized the need for consistency with Mr. Colbert's sentence just before announcing the sentence for Mr. Littlejohn.

R. vol. 3, at 67–68. And we have good reason to suspect that Mr. Colbert's sentence exerted upward pressure because the district court explained that it did not "think [Mr. Littlejohn's] case . . . [was] as aggravated as Colbert's case, *but [it was] not that far from it.*" *Id.* at 67 (emphasis added).

Given the comparison to Mr. Colbert's sentence, the court might easily have imposed a shorter sentence for Mr. Littlejohn. Even if the error had extended the sentence only a month or two, the difference would have prejudiced Mr. Littlejohn by extending his incarceration. *See United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013) ("We have held that when a plain error may have led to a sentence that was one month longer than necessary, even within the Sentencing Guidelines, that error 'affects substantial rights.'" (quoting *United States v. Hammons*, 558 F.3d 1100, 1106 (9th Cir. 2009))).

Because the district court used Mr. Colbert's sentence as the benchmark, the error affected Mr. Littlejohn's substantial rights.

7

**4.      The error seriously affected the fairness of the judicial proceedings.**

Given the effect on substantial rights, I would consider whether the error seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Wireman*, 849 F.3d 956, 962 (10th Cir. 2017) (quoting *United States v. Marquez*, 833 F.3d 1217, 1221 (10th Cir. 2016)). We presume satisfaction of this requirement "whenever a defendant has established that an unobjected-to sentencing error affects his substantial rights." *United States v. Godinez-Perez*, 864 F.3d 1060, 1068 (10th Cir. 2016).

Setting this presumption aside, the government argues that Mr. Littlejohn must show a "strong possibility" that a remand would result in "a significantly lower sentence." *United States v. Andrews*, 447 F.3d 806, 813 (10th Cir. 2006). But this language merely describes a sufficient—not a necessary—showing under this step. *United States v. Sabillon-Umana*, 772 F.3d 1328, 1334 n.1 (10th Cir. 2014).

The government argues that under all of the other factors that the district court considered, the sentence would have been the same regardless of the comparison to *Colbert*. This argument rests on speculation. The court based the sentence at least partly on a mistaken belief that it had to consider the past sentence in *Colbert*. The court did not explain how much of the sentence was attributable to *Colbert*, so we can't assume that the

8

sentence would have been the same without the district court's error. At a minimum, the district court might have shaved months from the sentence. *See United States v. Cordery*, 656 F.3d 1103, 1108 (10th Cir. 2011) (concluding that a sentencing error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" given the uncertainty of the effect even if it wouldn't have extended the imprisonment more than five months (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005) (en banc))). Given the inherent uncertainty of the impact on Mr. Littlejohn's sentence, what citizen wouldn't "bear a rightly diminished view of the judicial process and its integrity?" *Sabillon-Umana*, 772 F.3d at 1333.

The error not only threatens to prolong Mr. Littlejohn's incarceration but also to undermine § 3553(a)(6)'s core purpose. *See, e.g.*, *United States v. Gallegos*, 129 F.3d 1140, 1143 (10th Cir. 1997) ("[T]he purpose of the guidelines is to eliminate unwarranted disparities in sentencing nationwide . . . ." (cleaned up)). If district courts were to apply § 3553(a)(6) this way, the practice would perpetuate sentencing inequities between unusually harsh and lenient judges. By perpetuating these inequities, the district court's interpretation of the guidelines would entrench disparities between district judges and undermine "Congress' basic goal in passing the Sentencing Act[, which] was to move the sentencing system in the

9

direction of increased uniformity." *United States v. Booker*, 543 U.S. 220, 253 (2005).

The danger is apparent in the string of cases leading to Mr. Littlejohn's sentence. In sentencing Mr. Littlejohn, the district court reasoned that this case "was not that far from" Mr. Colbert's case. R. vol. 3, at 67. And in *Colbert*, the district court had relied on another of its past sentences as a reason to vary upward and impose the statutory maximum sentence. Tr. of Sentencing Hr'g at 51:5–13, *United States v. Colbert*, No. 1:19-CR-00321-RBJ-1 (D. Colo. Feb. 5, 2021), ECF No. 96.[1]

As in our case, the district court explained in *Colbert* that § 3553(a)(6) had required consideration of "unwarranted sentencing disparities." *Id.* at 51:5–6. But instead of considering sentences nationwide, the district court compared Mr. Colbert's case to another local case where the same district court had "sentenced a man to 58 months who possessed but did not use a firearm, and who had led an exemplary life since his prior felony." *Id.* at 51:7–13.

So the district court's mistaken belief that it had to consider its own past sentences has now contributed to the sentences of two defendants.

---

[1]    We may take judicial "notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also United States v. Black*, 25 F.4th 766, 769 n.2 (10th Cir. 2022) (taking judicial notice of related proceedings in the Western District of Missouri).

10

That misguided focus on the district court's own past sentences could widen national disparities, the evil underlying § 3553(a)(6). In my view, the district court's error thus undermines the fairness of the judicial proceedings by prolonging Mr. Littlejohn's incarceration and perpetuating local consistency at the expense of national uniformity.

**5.    Conclusion**

Our precedent requires a district court to avoid nationwide disparities, not disparities with the court's own past sentences. So the district court plainly erred when it interpreted § 3553(a)(6) to require consideration of the court's own past sentences. This error affected Mr. Littlejohn's substantial rights and seriously affected the fairness of the proceedings. So I would reverse the sentence and remand for resentencing. Because the majority affirms the sentence, I respectfully dissent.